**STATE of Missouri, Respondent,**

v.

**Charles W. GARTON, Appellant.**

No. 51288.

Supreme Court of Missouri,

Division No. 1.

Nov. 8, 1965.

Motion for Rehearing and to Transfer to Court En Banc Denied Dec. 13, 1965.

Norman H. Anderson, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., Jefferson City, for respondent.

Charles W. Garton, appellant pro se.

WELBORN, Commissioner.

A jury in the Andrew County Circuit Court, on April 11, 1962, found Charles W. Garton guilty of first degree robbery by means of a dangerous and deadly weapon. The charge arose out of a robbery of the Farley State Bank on September 1, 1961.

The Second Offender Act (Section 556.-280, RSMo 1959, V.A.M.S.) was found to be applicable and the court sentenced Garton to life imprisonment. On appeal, the judgment of conviction was affirmed by this court. State v. Garton, 371 S.W.2d 283.

On July 11, 1964, Garton filed, pursuant to Supreme Court Rule 27.26, V.A.M.R., a motion to vacate the judgment and sentence against him. On December 8, 1964, the Andrew County Circuit Court overruled the motion without a hearing, the court having concluded that the motions, files and records of the case show that the prisoner is not entitled to relief. An appeal was taken from the order denying relief.

On this appeal, any meritorious contention of appellant must relate to the denial of his motion without a hearing on its factual allegations. Insofar as the greater part of allegations of the appellant's pro se motion are concerned, the trial court properly found either that they stated no grounds for relief in the proceeding here under review or that they should be determined against the appellant on the basis of the files and records of the trial court.

In the former category are such matters as the refusal of the trial court to grant a continuance at the original trial, allegedly prejudicial remarks of the prosecutor during the trial and the admission of various items of evidence and testimony. The matters referred to are, at the most, matters of trial error, affording no basis for relief in this collateral proceeding. In addition, several of these objections and others here raised were actually presented and determined adversely to appellant on his direct appeal. State v. Garton, supra. Thus the objection, based upon Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, that due process was denied by the trial court's refusal to compel production of a written statement by the state's witness, Streater, was considered and determined on the direct appeal. State v. Garton, 371 S.W.2d 289–290.

The contention that application of the Second Offender Act violates the constitutional guarantee of trial by jury (Art. I, § 22(a), Constitution of Missouri, 1945, V.A.M.S.) has heretofore been determined adversely to appellant's contention. State v. Wolfe, Mo.Sup., 343 S.W.2d 10, 12. The punishment is within the limit imposed by law. Section 560.135 RSMo 1959, V.A.M.S. Therefore, there is no ground for complaint here that the punishment is excessive, arising out of the trial judge's erroneous assumption concerning the appellant's prior criminal record or the effect of the crime for which he was sentenced.

Objections that the trial judge was disqualified to hear the case because he was a depositor in the bank robbed and that the prosecuting attorney was an officer and depositor in the bank and therefore the information filed by him was void afford no basis for relief in the proceeding under review. If such be the facts, and assuming that this would establish such interest as would disqualify the trial judge and the prosecuting attorney, these facts could have become known to the appellant prior to his trial in order to have permitted objection

based thereon to have been raised in the proper manner. There is no allegation that these facts were not known to the appellant prior to his trial.

▮ The allegation that the Supreme Court denied his request for the appointment of counsel to represent appellant on his direct appeal states no grounds for relief under Supreme Court Rule 27.26, V.A.M.R. State v. Howard, Mo.Sup., 383 S.W.2d 701, 704 [6, 7]; State v. Schaffer, Mo.Sup., 383 S.W.2d 698, 700 [6–9].

The allegation pertaining to the denial of effective assistance of counsel is rebutted by the transcript of the former trial, a part of the records of the circuit court. The transcript shows that appellant was represented at the trial by counsel of his own choosing who carefully and skillfully represented appellant.

▮ The allegations of appellant's motion involving factual matters are found in three paragraphs of the motion. In the first, he contends that the prosecuting attorney "willfully, knowingly, and purposely withheld and suppressed evidence favorable to defendant." According to the motion, one of the robbers who entered the bank was "disguised in a large mustache." The motion further alleges that prosecuting officials knew that the state witnesses "had seen such a mustache and could so testify;" that such evidence was not known to the defendant or his counsel at the trial, and that the evidence was purposely withheld and deliberately suppressed by prosecuting officials with intent to prejudice the defense. According to the allegation of the motion, evidence "of such a mustache was of vital importance and material to the witnesses claims of positive identification of (appellant); that such evidence was vital to the jury's decision and if known to the jury such evidence would have resulted in a different verdict; * * *."

Three employees of the bank did positively identify Garton as one of the two men who entered the bank and participated in the robbery. None of the witnesses mentioned that either of the persons entering the bank was disguised by a mustache, although the witnesses did testify that the robbers wore facial makeup. Assuming that the allegations of the motion are true, the evidence at best would go merely to the credibility of the identifying witnesses. It might tend to cast some doubt upon their ability to identify the persons who entered the bank. However, the transcript of the evidence on the trial of the appellant shows that the witnesses quite definitely identified the appellant on the basis of his facial characteristics in spite of his efforts to disguise himself by means of hair dye and facial makeup. We must reject the appellant's contention that had the witnesses testified that one of the robbers, supposedly the appellant, was wearing a mustache, it would have so shaken the positive identification by the witnesses that the jury would have rejected their testimony. At the best it would relate only to the credibility of the witnesses and factual matters pertaining thereto do not afford a basis for relief under Supreme Court Rule 27.26, V.A.M.R. State v. Rutledge, Mo.Sup., 317 S.W.2d 365, 367.

▮ The next allegation of factual matter deals with the appellant's allegations that prospective witnesses on his behalf were harassed in Hobbs, New Mexico, by one Bob Karnes, an agent of the F.B.I., who "did * * * imply" to them that they would be subject to prosecution for perjury if they testified in Missouri to appellant's alibi. The appellant's alibi was that he was in Hobbs, New Mexico, on the day of the robbery. One witness, Mickey Owens, did so testify at the trial. The appellant's motion here specifically refers to this witness as one whom the agent attempted to intimidate. No reference to harassment or intimidation was made by the witness in her testimony at the trial. In any event, there is no allegation that the prosecuting attorney or any other officials of the State of Missouri either solicited the efforts of the F.B.I agent or that the prosecuting officials had any knowledge of the alleged

activities of Mr. Karnes. The allegation therefore states no basis for relief. 24 C.J.S. Criminal Law § 1606(15), p. 738.

 The last factual allegation of the appellant's motion is that the prosecuting attorney deliberately made use of perjured testimony at the trial. Three persons were involved in the holdup, Garton, Andrews and one Jack Streater. Streater testified on behalf of the state at the trial of both Andrews and Garton. At the trial of Garton, Streater testified that, on August 25, 1961, the three parties had undertaken to effectuate a plan to rob the bank, but that Andrews and Garton who went into town for such purpose determined that the robbery should not be undertaken at that time because there were too many people around. In his motion the appellant alleges that Streater "was working at his regular job at a bakery that whole day in Kansas City, Mo., on August 25, 1961, and could not possibly have joined such a conspiracy or attempt to rob said bank on that date. That the prosecuting attorney knew these facts, and did therefore, knowingly use perjured testimony concerning the above stated vital and material issues."

"In a very recent case, State v. Worley, Mo., 383 S.W.2d 529, at loc. cit. 531, we said: 'As stated in the case of State v. Statler, Mo., 383 S.W.2d 534, * * * we recognize that a judgment obtained by the knowing use of perjured testimony should be vacated upon a proper factual showing, but not upon the statement of mere conclusions. The applicable authorities were cited in that opinion. There would be no point in discussing the cases which defendant now cites, supposedly in support of that rule. The rule also applies where the State, knowing at the trial that material false testimony has come in, fails to correct it. Statler, supra.' We are thus required to analyze, as best we can, the defendant's motion on this point; *there must be essential factual allegations, as distinguished from conclusions or speculation.*" (Emphasis supplied.) State v. Donnell, Mo.Sup., 387 S.W.2d 508, 512 [8].

"When a claim is made that the prosecution colluded with witnesses to commit perjury, or had knowledge that they had done so, the person making such claim has the burden 'to allege and prove, not conclusions, but facts which would entitle him to relief'. Smith v. United States, 5 Cir., 252 F.2d 369, 371; certiorari denied 357 U.S. 939, 78 S.Ct. 1388, 2 L.Ed.2d 1552." United States v. Brilliant, U.S.D.C., E.D., New York, 172 F. Supp. 712, 713.

Here the only essential factual allegation found in the motion is that Streater was working all day at his regular employment at a bakery in Kansas City on August 25, 1961. The statement that for such reason Streater "could not possibly have joined such a conspiracy or attempt to rob said bank on that date" is an obvious conclusion based upon the fact stated regarding Streater's working. However, the conclusion which appellant draws does not necessarily follow from the factual allegation of his motion. The trial court in examining the motion would know judicially the proximity of Farley to Kansas City and that the fact that one might have worked at a job the whole day in Kansas City would not have made it impossible for that person to have been in the vicinity of Farley on the same date. There is no factual allegation regarding the prosecuting attorney's connection with the alleged perjury other than the statement that the prosecuting attorney "knew these facts, and did therefore, knowingly use perjured testimony." There is no evidentiary basis shown for the conclusion that the prosecuting attorney knew the only fact alleged, i. e., that Streater was working in Kansas City on the day in question and, again, the mere fact that the prosecuting attorney might have known that fact would not necessarily show that the use of Streater's testimony involved the knowing use of perjured testimony.

We recognize that in a proceeding such as this the motion for review, as in this

case, is frequently prepared by the convict himself, without the benefit of legal assistance, and, therefore, strict compliance with the rules of pleading is not required. Nevertheless, the facility with which conclusions may be stated as the basis for relief in a case such as this and the obvious lack of restraint upon reckless allegation to such effect demonstrate the necessity for the requirement that the "application must set out the evidence by which the existing facts can be proved, and the source thereof, and must show a probability of truth." 24 C.J.S. Criminal Law § 1606(28), p. 787. The petitioner in State v. Eaton, Mo.Sup., 280 S.W.2d 63, relied upon by the appellant here, did set out in complete detail the factual basis for his contention that the prosecution had not only used perjured testimony against him but had willfully suppressed testimony favorable to the petitioner. The allegation was held sufficient to call for a hearing. (At the hearing which was subsequently held the petitioner was unable to substantiate his allegations. State v. Eaton, Mo.Sup., 302 S.W.2d 866.)

Allegations regarding the knowing use of perjured testimony in Streater's statement that he was not promised leniency in return for testifying on behalf of the state are of the same nature as the statements above discussed. In our opinion the appellant here has not stated sufficient facts to justify a hearing on his allegation regarding the use of perjured testimony. Therefore, the trial court did not err in passing upon the motion without a hearing. State v. Donnell, supra.

The judgment is affirmed.

HOUSER, C., concurs.

HIGGINS, C., not participating.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.