**Charles W. GARTON, Petitioner,**

v.

**Harold SWENSON, Respondent.**

**No. 1058.**

United States District Court
W. D. Missouri,
Central Division.

April 18, 1967.

Granville Collins, Edward H. Hunvald, Jr., Columbia, Mo., for petitioner.

Norman H. Anderson, Atty. Gen. of Missouri, Donald L. Randolph, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

### MEMORANDUM OPINION
### AND ORDER

JOHN W. OLIVER, District Judge.

■ This is another State prisoner habeas corpus case filed by an inmate of the Missouri Penitentiary. Petitioner

---

was convicted of first degree robbery in the Circuit Court of Andrew County, Missouri. That conviction was affirmed on direct appeal on September 9, 1963, in State v. Garton, Mo.1963, 371 S.W.2d 283. Petitioner, an indigent, was not represented by counsel in that appeal. Petitioner is entitled to relief in this Court unless the State of Missouri affords him a new appeal with appointed counsel. See Bosler v. Swenson, 8 Cir. 1966, 363 F.2d 154, affirmed per curiam, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 on March 13, 1967. Disposition of this case was withheld during the time *Bosler* pended on certiorari.

■ This case is complicated by the fact that petitioner, after denial of his right to appellate counsel on direct appeal, was later denied his constitutional right to an evidentiary hearing on the federal claims alleged in a state postconviction motion filed pursuant to available state procedures. Petitioner's motion to vacate his sentence was filed in the state trial court pursuant to Missouri Supreme Court Rule 27.26, V.A.M.R. on July 11, 1963. That motion was denied without an evidentiary hearing; the denial of that motion was affirmed by the Supreme Court of Missouri in State v. Garton, Mo.1965, 396 S.W.2d 581. Such denial, because of the allegations of his postconviction motion, was a second violation of petitioner's federal constitutional rights. See the full discussion of the applicable Supreme Court of the United States cases in White v. Swenson, W.D.Mo. en banc, 1966, 261 F.Supp. 42.

It is clear that under *Bosler* petitioner is entitled to the issuance of our writ conditioned upon the granting of a new appeal with appointed counsel. Whether we should also immediately grant petitioner the evidentiary hearing denied him by the state courts involves other considerations. In the first place, should the Attorney General of Missouri refuse to act in regard to petitioner's direct appeal, there would be no occasion for any evidentiary hearing because the writ of this Court would issue uncondition-

ally. But if it be assumed that the Attorney General of Missouri does act and that a new appeal is granted, the determination of whether this Court should immediately proceed with the denied evidentiary hearing must take into account the fact that the Supreme Court of Missouri has not yet passed on the merits of the federal constitutional claims originally raised in petitioner's 27.26 motion.

■ In spite of the fact that the Missouri courts have denied petitioner two separate rights guaranteed him by the Constitution of the United States, considerations of comity based upon the respective responsibilities of state and federal courts in the administration of the state's criminal laws require, under the particular facts here presented and for reasons we shall state, that we not immediately exercise federal power and jurisdiction.

Our examination of the trial transcript and the briefs filed in connection with petitioner's direct appeal establishes that petitioner did not attempt to present any substantial federal claims in connection with his direct appeal reported in 371 S.W.2d 283. Issuance of federal habeas conditioned solely on the granting of a new appeal in the Supreme Court of Missouri would not give the Supreme Court of Missouri a chance to pass on the federal questions alleged both in petitioner's original Rule 27.26 motion and in his petition for federal habeas corpus.

We must, however, recognize that the granting of a new direct appeal with appellate counsel could produce one of two results. A new direct appeal with appellate counsel could result in the reversal of petitioner's conviction on the state grounds presented on direct appeal and therefore end the litigation. On the other hand, petitioner's conviction could again be affirmed by the Supreme Court of Missouri after it had considered appropriate argument from appellate counsel to be appointed. Elemental principles of comity require that this Court stay the issuance of its writ until

the Attorney General of Missouri is given an opportunity to take appropriate action in regard to petitioner's direct appeal and, if a new direct appeal is granted with appellate counsel, until the Supreme Court of Missouri shall have decided such new appeal. Compare Barry v. Sigler, Warden, 8 Cir. 1967, 373 F.2d 835, decided March 16, 1967.

█ It would not be proper for this Court to grant petitioner an immediate evidentiary hearing because it can not be said with legal certainty that a new direct appeal with the benefit of appointed appellate counsel would be useless. Indeed, indulgence in such an assumption would fly in the face of the Supreme Court of the United States express holding in *Bosler*. It was there held:

> The assistance of appellate counsel in preparing and submitting a brief to the appellate court which defines the legal principles upon which the claims of error are based and which designates and interprets the relevant portions of the trial transcript may well be of substantial benefit to the defendant. [87 S.Ct. 997]

The order affirmed in *Bosler* provided that the issuance of the writ be stayed a reasonable time in order to give Missouri an opportunity to afford petitioner a new direct appeal with appellate counsel. The direction commanded by *Bosler* must, of course, be included in our order in this case. The real question presented is whether additional conditions of stay should be added to the order to be made in this case.

Recent developments in Missouri post-conviction jurisprudence would indicate that if afforded a new opportunity, the courts of Missouri would not again deprive petitioner of his federal right to an evidentiary hearing. Indeed, those developments would indicate that it is entirely possible, if not probable, that the Supreme Court of Missouri, if afforded the opportunity, would direct the state trial court to grant petitioner leave to file a new Rule 27.26 motion, to appoint counsel for him, and to conduct a full evidentiary hearing consistent with the familiar Supreme Court of the United States cases discussed in White v. Swenson.

On January 9, 1967 the Supreme Court of Missouri amended its Rule 27.26 and several of its other related rules. See 23 Journal of the Missouri Bar, No. 2, page 48 (February, 1967). That amendment has since been described by the Supreme Court of Missouri as a "radical" amendment of its old rule. See State v. Maxwell, Mo.1967, 411 S.W.2d 237 at 241.

Missouri Rule 27.26, as amended on January 9, 1967, now provides for the mandatory appointment of counsel for an indigent defendant in the trial court if a Rule 27.26 motion presents "questions of law or issues of fact." It also makes mandatory provision for the appointment of "competent counsel to conduct [an] appeal" from any denial of a Rule 27.26 motion. See paragraphs (h) and (*l*) of amended Rule 27.26. Paragraph (e) of that amended rule requires that the required hearing "shall be an evidentiary hearing if issues of fact are raised in the motion, and if the allegations thereof directly contradict the verity of records of the court, that issue shall be determined in the evidentiary hearing." Had Amended Rule 27.26 been properly applied in this case petitioner would not have been denied an evidentiary hearing by the courts of Missouri.

Many other improvements and refinements are included in the Amended Rule 27.26 that need not be here detailed. The Supreme Court of Missouri is entitled to the highest commendation for again demonstrating its traditional position of leadership in the field of judicial administration. It is the considered judgment of all the judges of this Court that Missouri's Amended Rule 27.26 represents the most enlightened postconviction procedure of any state with which we are familiar.

At the last pretrial conference recently held in this case counsel agreed that it would be appropriate for this Court to contact the Honorable John M. Yeaman,

Judge of the Circuit Court for the Sixth Judicial Circuit in Missouri, in which Andrew County is located. Judge Yeaman stated that if directed by the Supreme Court, he would grant petitioner leave to file a new Rule 27.26 motion, would appoint counsel for him, and would conduct a prompt evidentiary hearing in accordance with the procedures defined in Amended Rule 27.26. Judge Yeaman further advised this Court that he recently appointed counsel and held an evidentiary hearing in connection with a new Missouri Rule 27.26 motion filed by one William Powell, whose federal habeas petition was recently dismissed without prejudice because of that petitioner's failure to exhaust available state court remedies. For the history of Powell's case, see State v. Powell, Mo.1966, 400 S.W.2d 183, and our unreported opinion in Powell v. Swenson, Warden, W.D.Mo., Civil No. 1144, decided November 30, 1966.

We believe it appropriate to add that the exemplary action in holding postconviction evidentiary hearings in cases with which we are officially familiar by reason of earlier federal court habeas petitions reflects the rule rather than the exception within our experience with the other trial judges of Missouri in any number of other state prisoner habeas corpus cases. In none of the cases in which we have abstained from exercising federal power in order to give the state courts the opportunity in the first instance to proceed in accordance with the principles discussed in White v. Swenson, supra, have we learned of a single instance in which the petitioner has been denied an evidentiary hearing on his federal claims in the appropriate state trial court upon the filing a new Rule 27.26 motion.

Our commendation of the Missouri Judiciary in general obviously extends to the Circuit Judges of Missouri in particular. The heaviest burden of postconviction proceedings obviously rests upon the state trial judges. Those judges face essentially the same task the federal trial judges faced when the Congress enacted Section 2255 of Title 28, United States Code, almost 20 years ago. We are confident that the state trial judges will be able to eliminate the backlog of old cases more conveniently and efficiently than did the federal trial judges. The improved procedures provided in Amended Missouri Rule 27.26, particularly the portion of that rule requiring the appointment of counsel for indigents, gives to Missouri's trial judges far better tools with which to work than those provided, even today, for the federal district judges.

We do not believe that this Court should direct what either the courts of Missouri or the petitioner should do in regard to further state court proceedings in this case. It is appropriate that this Court condition its order granting habeas in a manner consistent both with *Bosler* and with new developments in state court postconviction procedures in order to afford the Supreme Court of Missouri an opportunity to decide all of the petitioner's federal claims on the merits before petitioner should again attempt to invoke federal habeas jurisdiction.

Under that portion of our order based on *Bosler*, the petitioner will either be released or the Attorney General of Missouri will, within the ninety day stay period, make appropriate application to the Supreme Court of Missouri that it grant petitioner a new appeal with appointed appellate counsel.

Conditions in our order in addition to those commanded by *Bosler* will afford the Supreme Court of Missouri an opportunity to apply the principles recently announced in its amendments to Missouri Rule 27.26 should the Attorney General of Missouri take appropriate action in regard to petitioner's new direct appeal.

We have no doubt about the power of the Supreme Court of Missouri, should the Attorney General make application to grant petitioner a new appeal with appellate counsel, to make an order that the Circuit Court of Andrew County

grant petitioner leave to file a new Rule 27.26 motion and to process such motion, if filed, in accordance with the new procedure established in Amended Rule 27.26. See State v. Beasley, Mo.1966, 404 S.W.2d 689 at 690, and Art. 5, § 4, of the 1945 Missouri Constitution.

Nor do we have any doubt that Judge Yeaman would, if directed by the Supreme Court of Missouri, promptly grant petitioner a full and fair evidentiary hearing on any new Rule 27.26 motion that petitioner might elect to file. Should the Supreme Court of Missouri make such an order, and should the petitioner file a new Rule 27.26 motion, it would be reasonable for the Supreme Court of Missouri to stay its consideration of petitioner's new direct appeal until it might be required to consider a possible appeal from a denial of petitioner's new Rule 27.26 motion.

If petitioner is granted leave and elects to file a new Rule 27.26 motion and should relief be granted by the state trial court on that motion the Supreme Court of Missouri would not be required to hear the new direct appeal unless the respondent should perfect an appeal from the trial court order granting relief. Should petitioner be denied relief in connection with any new Rule 27.26 motion, he could appeal that denial to the Supreme Court of Missouri. Our order contemplates that the Supreme Court of Missouri could, in either event, consolidate the new direct appeal with the assumed appeal from the trial court's determination of the new Rule 27.26 motion, and would thus be afforded an opportunity of ruling all petitioner's claims on the merits before petitioner may again seek to invoke the habeas jurisdiction of this Court.

For the reasons stated, it is apparent that petitioner is entitled to relief and that our writ of habeas corpus must issue unless the State of Missouri, within ninety (90) days, takes appropriate steps to grant petitioner a new direct appeal with appointed appellate counsel. The issuance of the writ should, however, be stayed in accordance with the order that follows this memorandum opinion.

We are, of course, cognizant of petitioner's expressed preference that the evidentiary hearing to which he is constitutionally entitled be held immediately in this Court. Many prisoners in state institutions, for a variety of reasons, sometimes expressed in somewhat strong language, share petitioner's preference. The Court of Appeals' citation and reliance upon Hunt v. Warden, Maryland Penitentiary, 4 Cir. 1964, 335 F.2d 936, in Barry v. Sigler, supra, establishes that it was fully cognizant of that not infrequently stated prisoner position.

In *Hunt*, appointed appellate counsel argued that "the Maryland courts in numerous opinions have clearly demonstrated that many of these questions, to which federal courts are fully empowered to provide answers, will not be considered on the merits by the Maryland courts and that in these circumstances it would be unreasonable, even punitive, to direct petitioners once more to the state courts for relief" (335 F.2d at 941). Chief Judge Sobeloff conceded in *Hunt* that there was something to be said for that position if judgment were based solely on a line of older Maryland cases. But, after an analysis of more recent Maryland cases, Chief Judge Sobeloff detected "indications that Maryland's highest court is in the process of altering its view" (335 F.2d at 941) and determined that those more recent cases "evince a disposition to give new vitality to the explicit provisions of the Maryland Post Conviction Procedure Act for the vindication of all constitutional claims." It was further determined in *Hunt* that the highest court in Maryland had at long last evidenced an inclination "to insist upon evidentiary hearings for the adequate resolution of issues of fact, and to meet on the merits many questions previously avoided on procedural grounds" (335 F.2d at 942).

The Court of Appeals for the Fourth Circuit expressed the hope that when the then recent teachings of the Court of Ap-

peals of Maryland were "fully implemented by the lower state courts * * * much of the wasteful proliferation that presently burdens both the state and federal courts [would be] alleviate[d]" (335 F.2d at 942).

It was for those reasons that the Court of Appeals for the Fourth Circuit rejected the argument that "Maryland remedies are futile, for however well founded such a contention may have been before the spate of Supreme Court [of the United States] decisions broadly interpreting the constitutional rights of persons prosecuted for crime" (335 F.2d at 942). In essence, as stated in *Hunt*, that court could not find, in light of what it found to be a recent change of judicial attitude, that "the Court of Appeals of Maryland has * * * shown an unwillingness to comply with the Supreme Court [of the United States] rulings" (335 F.2d at 942).

While we have found that the Supreme Court of Missouri's decision in the Second *Garton* case did not apply the teachings of the Supreme Court of the United States cases that we discussed at length in White v. Swenson, that isolated instance does not in any way support a charge that the Supreme Court of Missouri has demonstrated an unwillingness to comply with the decisions of the Supreme Court of the United States. As already noted, the Supreme Court of Missouri, both by its promulgation of Amended Rule 27.26 and by its decisions in many other cases noted in White v. Swenson, to which must be added its most recent decision in State v. Maxwell, supra, has demonstrated that it intends to follow and to apply the spirit and letter of the principles stated in the recent Supreme Court of the United States postconviction cases. The second *Garton* case does not reflect either the established rule of decision or judicial policy of the Supreme Court of Missouri. It represents the exceptional case that failed to apply and follow those rules and declared judicial policy.

Missouri now has the best postconviction procedure in the Nation. We believe comity requires that the courts of Missouri should, under the narrow factual circumstances presented on the facts of this case, be permitted to use that procedure to the end that the courts that have primary responsibility for the administration of criminal justice in Missouri be given a further opportunity to rule petitioner's postconviction federal claims on their merits after a full and fair evidentiary hearing.

### ORDER

Petitioner's petition for habeas corpus should be and is hereby granted. The issuance of the writ shall be withheld for a period of ninety (90) days within which time the State of Missouri, acting through its Attorney General, may make appropriate application to the Supreme Court of Missouri to have that court set aside and vacate its original affirmance of petitioner's conviction as adjudged on direct appeal, reported in 371 S.W.2d at 283, appoint appellate counsel for petitioner, and to grant petitioner a new direct appeal. In this event the writ shall not issue pending such new appeal. It is

Further ordered that the issuance of the writ shall be withheld in the event the Supreme Court of Missouri should remand petitioner's case to the Circuit Court of Andrew County, Missouri, with directions to and for that court to grant petitioner leave to file a new Rule 27.26 motion, that such court grant petitioner the evidentiary hearing heretofore denied him, and that all proceedings in connection with the new Rule 27.26 motion be conducted in accordance with procedures added by the January 9, 1967 amendment of that Rule. It is

Further ordered that if petitioner is granted such leave and thereafter elects to file a new Rule 27.26 motion in accordance with the direction that may be made by the Supreme Court of Missouri, the Supreme Court of Missouri may defer the appointment of appellate counsel and the processing of the new direct appeal until the state trial court shall have appointed counsel for petition-

er, conducted a full and fair evidentiary hearing, made appropriate findings of fact and conclusions of law, and ruled the new Rule 27.26 motion. Any appeal from the granting or denial of such motion may be consolidated with and heard by the Supreme Court of Missouri with petitioner's deferred new direct appeal. In this event, the writ shall not issue pending the determination of the consolidated appeals by the Supreme Court of Missouri. It is

Further ordered that in the event petitioner is granted a new direct appeal but is not granted leave to file a new Rule 27.26 motion, or in the event leave to file a new Rule 27.26 motion is granted but petitioner elects not to file such a motion, execution of the writ shall be stayed if the Supreme Court of Missouri shall appoint appellate counsel and proceed to hear and determine the new direct appeal. Should, under those circumstances, the Supreme Court of Missouri again affirm petitioner's conviction this case, on motion of the petitioner, will thereafter be reinstated on the docket of this Court and petitioner will then be granted an evidentiary hearing on his postconviction federal claims, thus far denied him by the courts of Missouri. It is

Further ordered that Granville Collins, Esq., and Professor Edward W. Hunvald, Jr., of the University of Missouri School of Law at Columbia, continue to represent and counsel with petitioner until the Missouri courts appoint new counsel, should the Attorney General seek to obtain a stay of the writ in accordance with this order. Counsel appointed by this Court will then be relieved of further duty. We again commend Mr. Collins and Professor Hunvald for their services to this petitioner. That service has been rendered in the highest tradition of the Bar. It is

Further ordered that the Attorney General of Missouri keep this Court advised of all steps taken by him and by the courts of Missouri in connection with all action taken in regard to the stay of execution of the writ herein granted.