Dan Westley **GRAY**, Petitioner,

v.

Harold R. **SWENSON**, Warden, Respondent.

No. 1202.

United States District Court
W. D. Missouri,
Central Division.

Aug. 11, 1967.

As Corrected Aug. 15, 1967.

Dan Westley Gray, pro se.

Norman Anderson, Atty. Gen. of Missouri, B. J. Jones, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This habeas corpus case requires this Court again to apply the principles initially established by the Supreme Court of the United States in 1963 in Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). The undisputed factual situation is established by the pleadings. Petitioner is entitled to the issuance of our writ of habeas corpus, the execution of

which will be appropriately conditioned, for reasons we shall state in detail.

Petitioner was convicted by a jury of murder in the second degree on September 12, 1960 in the Circuit Court of New Madrid County, Missouri. Petitioner was represented by counsel at the trial. After petitioner's motion for a new trial, filed by his trial counsel, was overruled an appeal was perfected to the Supreme Court of Missouri. That court affirmed petitioner's conviction in State v. Gray, (Mo.Sup.Ct.Div. 1) 360 S.W.2d 642. Petitioner is presently serving the 60 year sentence fixed by the jury. Petitioner was not represented by counsel on his direct appeal. That appeal was finally determined by the Supreme Court of Missouri before the Supreme Court of the United States decided Douglas v. People of State of California. The factual and legal situation is directly comparable to that presented in Donnell v. Swenson, (W.D.Mo.1966) 258 F.Supp. 317, affirmed 8 Cir. 1967, 382 F.2d 248, No. 18638, decided August 8, 1967. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967) and *Donnell* control this case.

## I.

In his initial response to our order to show cause, the Attorney General of Missouri contended that "[p]etitioner has failed to exhaust remedies under Missouri law." He relied upon the 1950 Supreme Court of the United States decision in Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950), a case expressly overruled in part by Fay v. Noia, 372 U.S. 391 at 435, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and Mahurin v. Nash, (8 Cir. 1963) 321 F.2d 662, an early Eighth Circuit case applying only to cases decided by the Missouri courts before the 1963 landmark decisions of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Fay v. Noia, supra; and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The Attorney General also contended that "petitioner has the right under Supreme Court Rule 27.26 [V.A. M.R.] to raise the question in his peti-

tion." The respondent's contentions are not tenable, based as they are upon cases of historical interest only and upon an argument directly contrary to an established rule of decision of the Supreme Court of Missouri.

In Russell v. Swenson, (W.D.Mo. 1966), 251 F.Supp. 196, at 199, Chief Judge Becker noted the rule of decision established in regard to the scope of a Missouri Rule 27.26 motion by the Supreme Court of Missouri in State v. Schaffer, (Mo.Sup.Ct.Div. 1, 1964) 383 S.W.2d 698. *Schaffer* held that a prisoner does not have a right under Missouri Rule 27.26 to raise the federal constitutional question concerning an alleged deprivation of his right to appellate counsel in a State trial court. Judge Holman stated that "[i]f defendant was denied due process because he did not have counsel on appeal the appropriate relief would be to vacate our judgment affirming the conviction and the cause would then be redocketed for another hearing in this court" (383 S.W.2d at 700). He explained that the reason a trial court could not entertain an alleged deprivation of appellate counsel question was because a trial court "could not set aside a judgment of the supreme court because of omissions or of infirmities relating solely to the validity of the proceedings in that court" (383 S.W.2d at 700).

Most important, the Supreme Court of Missouri held in *Schaffer* that:

If defendant desires a ruling on the point under consideration [an alleged deprivation of the right to appellate counsel] it would appear that it should be raised by an appropriate proceeding instituted in this court.

The rule of *Schaffer* has consistently been followed by the Supreme Court of Missouri. For examples, see State v. Howard, (Mo.Sup.Ct.Div. 1, 1964) 383 S.W.2d 701 at 704, and State v. Garton, (Mo.Sup.Ct.Div. 1, 1965) 396 S.W.2d 581 at 583. For other examples of this Court's recognition of the *Schaffer* rule, see Hooper v. Swenson, (W.D.Mo.1965) 249 F.Supp. 280 at 283.

The recent amendment of Rule 27.26 by the Supreme Court of Missouri did not change the *Schaffer* rule. Nor did that amendment attempt to do so. It is therefore apparent that petitioner has the right to raise the question of denial of appellate counsel only in an "appropriate proceeding" instituted in the Supreme Court of Missouri and that such a question cannot be raised in any other Missouri court. The question remains whether petitioner has exhausted that exclusive available right in the Supreme Court of Missouri under the undisputed facts presented by this case.

The Missouri Attorney General's supplemental response to our order to show cause established that on November 17, 1966 petitioner filed a motion for leave to file a motion to recall mandate in the Supreme Court of Missouri, presenting with that motion a copy of his proposed motion to recall mandate and a supporting brief. In his motion requesting leave, petitioner alleged in part that:

Appellant will show in his Motion and supporting brief that the provisions of Missouri law, under which the Missouri Supreme Court followed in the review of this appeal, was not an adequate procedure in affording the appellant with his right to "equal protection of the law" as provided by the Fourteenth Amendment to the Constitution of the United States.

Appellant will also establish in his Motion and supporting brief that the rule in Douglas v. [People of State of] California, 372 U.S. 353, [83 S.Ct. 814, 9 L.Ed.2d 811] decided in the U. S. Supreme Court in 1963, is appliable and controlling in this case; he will further establish that Law Ex Cathedra holds the doctrine in Douglas v. California retroactive and appliable to appeals decided long before the rule was established in 1963.

That supplemental response also established that on December 12, 1966 the Supreme Court of Missouri entered an order that "petitioner's motion for leave to file motion to recall mandate as a poor person sustained." That order also ruled petitioner's motion on the merits. It stated that petitioner's "motion to recall mandate denied."

■ The allegations of petitioner's motion to recall mandate, within the meaning of the *Schaffer* rule, appropriately presented the precise federal question here involved to the Supreme Court of Missouri for decision on the merits. Petitioner's motion and his supporting brief clearly set forth the relief prayed for and the legal authorities upon which petitioner's federal claim was based.

Petitioner's motion appropriately prayed that the Supreme Court of Missouri's mandate affirming the judgment of the trial court on direct appeal be recalled, that the judgment of affirmance be set aside, and that appellate counsel now be appointed "to brief and argue the direct trial court appeal." Petitioner cited and relied on the cases of Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1962); Griffin v. People of State of Illinois, 351 U.S. 12, 19, 76 S.Ct. 585, 100 L.Ed. 891 (1963); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Smith v. Crouse, 378 U.S. 584, 84 S.Ct. 1929, 12 L.Ed.2d 1039 (1964); Bosler v. Swenson, (8 Cir. 1966) 363 F.2d 154 (then pending on certiorari and subsequently affirmed); and Donnell v. Swenson, (W.D.Mo.1966) 258 F. Supp 317 (then pending on appeal and subsequently affirmed by the Eighth Circuit).

The Supreme Court of Missouri under the rule of *Schaffer* was the only State court in which petitioner could file his motion for appropriate relief. That Court passed on the merits of petitioner's clearly stated federal claim when it denied the motion which it permitted to be filed. Under Missouri law petitioner has no other Missouri court to which he can turn to vindicate his federally protected constitutional right. We therefore find and determine, consistent with the principles fully discussed in White v.

Swenson, (W.D.Mo. en banc 1966) 261 F.Supp. 42, that petitioner has in fact and in law exhausted his available post-conviction State court remedies and that we are required to decide this case on the merits.

## II.

The question presented by the undisputed facts of this case is the precise question heretofore decided by this Court in Donnell v. Swenson, (W.D.Mo.1966) 258 F.Supp. 317, affirmed 8 Cir. 1967, 382 F.2d 248, No. 18638, decided August 8, 1967. We held that Douglas v. California must be retrospectively applied. The Eighth Circuit affirmed, holding that "[i]n view of the course charted by the Supreme Court we have no alternative but to retroactively apply the principles of Douglas to the case before us."

There is no factual doubt in this case concerning petitioner's indigency at the time of his direct appeal. Nor is there any question that petitioner was not represented by counsel on his direct appeal. The original response filed by the Attorney General of Missouri to our order to show cause established that the Supreme Court of Missouri sustained an application filed by petitioner to sue as a poor person on December 8, 1961. That response also established that on September 10, 1962, shortly before the case was set for oral argument, the Supreme Court of Missouri sustained an application filed by petitioner's trial attorneys to withdraw as petitioner's counsel on appeal.

Because petitioner's direct appeal was heard and decided before July 9, 1963, the date Subsection (c) to Rule 29.01, effective March 1, 1964, was added to the Missouri Rules of Criminal Procedure, the Supreme Court of Missouri did not appoint appellate counsel to represent petitioner. Petitioner was, however, provided with a free transcript of the trial proceedings as a result of the Supreme Court of Missouri's December 10, 1961 adjudication of petitioner's indigency.

■ ▪ Swenson v. Bosler, 386 U.S. 258 at 260, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967), teaches that an indigent petitioner is not under duty to request the appointment of appellate counsel and that an assumed absence of such a request can not constitutionally be held to be a waiver of the petitioner's rights. In reliance upon and quotation from Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), the Supreme Court of the United States held in Bosler that "[i]t is now settled 'that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend upon a request.'" It is therefore unimportant for this Court to determine whether or not petitioner's undenied allegation that the trial judge had in fact ignored his request that appellate counsel be appointed is true or false. Under Bosler the question of whether a request was or was not made to either the State trial or appellate court is immaterial.

■ Application of the principles of Douglas v. California, Swenson v. Bosler, and the Court of Appeals decision in Donnell v. Swenson requires that petitioner be granted appropriate habeas corpus relief by this Court.

## III.

The remaining question relates to the form of relief to be granted. Section 2243, Title 28, United States Code, requires that this Court "dispose of [this] matter as law and justice require."

■ ▪ Petitioner is obviously entitled to the issuance of the writ of habeas corpus because he did not have appellate counsel on his direct appeal. Consistent with relief granted in similar earlier cases, the issuance of the writ should be stayed for a reasonable period of time to allow the State of Missouri, acting through its Attorney General, to begin appropriate proceedings in the Supreme Court of Missouri to set aside and vacate that Court's judgment on direct appeal and to permit the Supreme Court of Missouri to grant petitioner a new direct appeal with appointed counsel. See Swenson v. Bosler, supra, Swenson v. Donnell,

supra, and Garton v. Swenson, (W.D.Mo. 1967) 266 F.Supp. 726.

■ The pleadings filed by petitioner in the Supreme Court of Missouri in this case, as in many in the volume of postconviction cases processed by this Court, show that petitioner improperly attempted to raise federal questions in that court in addition to the denial of appellate counsel question that was properly presented to that Court. If petitioner follows the pattern established in other cases, he will attempt to present those additional questions to this Court before the Missouri courts will have been given a proper opportunity to pass on the merits of those questions. Under established available Missouri postconviction procedures, the additional questions that petitioner improperly sought to inject in his motion to recall mandate filed in the Supreme Court of Missouri are questions that may properly be raised only in a State trial court proceeding pursuant to amended Missouri Rule 27.26. And until such questions are properly presented to the courts of Missouri, this Court will not exercise its federal habeas corpus jurisdiction in regard to them.

■ White v. Swenson, supra, established that this Court will not exercise its habeas jurisdiction until the petitioner has exhausted his available State postconviction remedies. Petitioner's proper available State postconviction remedy as to questions other than the denial of appellate counsel question is to file a motion pursuant to Missouri Rule 27.26 in the Circuit Court of New Madrid County, Missouri, and to appeal any adverse ruling to the Supreme Court of Missouri.

■ If petitioner should elect to file such a motion pursuant to Missouri Rule 27.26, this Court will stay the issuance of the writ so that the Supreme Court of Missouri will be enabled to defer consideration of petitioner's new direct appeal until that appeal may be consolidated with any appeal that might be taken from the trial court's judgment in the new Missouri Rule 27.26 proceeding.

If petitioner elects not to file a Missouri Rule 27.26 motion, issuance of the writ will be stayed only for a reasonable period of time to permit the Attorney General of Missouri and the Supreme Court of Missouri to take appropriate steps to grant and hear petitioner's new direct appeal.

Recent Supreme Court of Missouri action in *Garton,* a case involving the application of Swenson v. Bosler, demonstrates that the recent developments in Missouri postconviction jurisprudence noted in detail in that case (see 266 F. Supp. at 728–729) provide an excellent and adequate procedure for the elimination of what otherwise would be piecemeal postconviction litigation. On August 7, 1967, upon appropriate motion filed by the Attorney General of Missouri, the Supreme Court of Missouri set aside and vacated its original judgment affirming petitioner's conviction on direct appeal in *Garton* (opinion reported 371 S.W.2d 283), reinstated the cause on the docket, and deferred a setting until a determination could be made in regard to whether petitioner wanted to elect to avail himself of the opportunity afforded him to file an amended postconviction motion in the State trial court under amended Missouri Rule 27.26. Leave to so elect was expressly granted him by the Supreme Court of Missouri in an order entered the same day in connection with petitioner's original appeal from the trial court's denial of petitioner's original Missouri Rule 27.26 motion (opinion reported in 396 S.W.2d 581).

In regard to the latter cause, the Supreme Court of Missouri set aside its judgment affirming the denial of petitioner's original Missouri Rule 27.26 motion and reversed and remanded the cause with directions to the trial court to grant petitioner leave to file an amended motion under the provisions of amended Missouri Rule 27.26. That order also contemplated that all proceedings in the trial court would be processed in accord-

ance with the amended rule and with the directions contained in the last paragraph of State v. Stidham, ( Mo.Sup.Ct. en banc 1967) 415 S.W.2d 297.

That recent landmark decision of the Supreme Court of Missouri stated the following in the paragraph to which reference was made in the recent order in *Garton*:

> If appellant elects to proceed with his motion in the trial court, counsel must be appointed under subparagraph (h) of the amended rule since appellant has been shown to be an indigent person. Counsel should file an amended motion which includes every ground known to the prisoner for vacating, setting aside or correcting his conviction and sentence, and the prisoner shall verify the correctness of the motion, including the fact that he has recited all claims known to him, all as required by subparagraph (c) of the amended rule. The trial court then is required to conduct a full evidentiary hearing on the amended motion as required by subparagraph (e) of the amended rule, assuming that the motion raises questions of fact as does the present motion, after which the court then is to decide all issues of fact and questions of law, making findings of fact and conclusions of law as required by subparagraph (i) of amended S.Ct. Rule 27.26.

The practical effect of the Supreme Court of Missouri's action in *Garton* was to afford the petitioner in that case an opportunity before that court heard and determined petitioner's new direct appeal, to elect to raise in the State trial court and to later present to the Supreme Court of Missouri for its decision on the merits, any and all postconviction grounds, both State and federal, known to the petitioner and his counsel for vacating, setting aside or correcting his sentence.

■ We believe it would indeed be a rare case that a petitioner would not elect to accept the opportunity accorded him by the procedure established by the Supreme Court of Missouri in *Garton* if he and his counsel believe any valid additional grounds exist for the vacation, setting aside, or correction of his sentence. If the petitioner elects to file a Missouri Rule 27.26 motion, or, as in *Garton*, to amend an earlier filed postconviction motion, he is assured of the opportunity to present any and all possible grounds in a single postconviction proceeding and, if necessary, to thereafter exhaust his available State postconviction remedies by appeal to the Supreme Court of Missouri.

The Supreme Court of Missouri has wisely left the decision up to the petitioner as to whether he wants to elect to delay the determination of his new direct appeal. If the petitioner does not elect to file a new or an amended Missouri Rule 27.26 motion, the Supreme Court of Missouri has clearly indicated that it will immediately proceed with the new direct appeal. If, on the other hand, petitioner elects to exhaust his State court remedies on federal questions that can not properly be decided on the new direct appeal before that appeal is heard, he may do so by filing a new or an amended postconviction motion in the State trial court and appeal any adverse determination to the Supreme Court of Missouri.

The practical effect of an election to file a new or amended postconviction motion would simply mean that the processing of petitioner's new direct appeal in the Supreme Court of Missouri would be postponed until any appeal that should be taken from the granting or denial of the new or amended postconviction motion reaches the Supreme Court of Missouri on the merits. When and if that point should be reached, the two appeals undoubtedly could be consolidated for hearing and determination. The final decision of the Supreme Court of Missouri would effectively exhaust all available State court postconviction remedies in regard to all questions presented in either appeal.

We stated in *Garton* that "Missouri now has the best postconviction procedure in the Nation" and that "the

courts of Missouri should \* \* \* be permitted to use that procedure" (266 F.Supp. at 731). The most recent action of the Supreme Court of Missouri in *Garton* demonstrates again that the new postconviction procedure promulgated by that court can and will be applied and followed consistent with the letter of the amended rules and the spirit of the en banc opinion in *Stidham*.

Continued coordination and proper application of the new postconviction procedures of the Supreme Court of Missouri with the habeas corpus procedures that this Court is required by law to follow will, as stated by this Court en banc in White v. Swenson, represent the sort of "rational cooperative attack upon the problem of elimination of all avoidable friction between state and federal courts" and be a step toward attaining the goal of cooperation there stated between those courts to the end that the procedures designed by both courts "will render the implementation of the trilogy least burdensome to all courts upon whom the responsibility rests" (261 F.Supp. at 54 and 56).

### IV.

For the reasons stated, it is

Ordered that the execution of this order shall be stayed until the mandate in Swenson v. Donnell, (8 Cir. 1967) 382 F.2d 248, No. 18638, decided by the United States Court of Appeals for the Eighth Circuit on August 8, 1967, is filed in this Court. It is further

Ordered that petitioner's petition for habeas corpus should be and is hereby granted. It is further

Ordered that the issuance of the writ shall be withheld for a period of ninety (90) days from the effective date of this order within which time the State of Missouri, acting through its Attorney General, may make appropriate application to the Supreme Court of Missouri to have that Court set aside and vacate its original affirmance of petitioner's conviction on direct appeal, reported in 360 S.W.2d at 642, appoint appellate counsel for petitioner, and grant petitioner a new direct appeal. Should the Supreme Court of Missouri within a reasonable time grant the application, set aside and vacate its original affirmance, appoint appellate counsel for petitioner, and grant petitioner a new direct appeal, the writ shall not issue pending such new appeal. It is further

Ordered that the issuance of the writ shall be withheld in the event the Supreme Court of Missouri should, consistent with the rationale of its orders entered on August 7, 1967 in Garton v. Missouri, Nos. 49,570 and 51,288, set aside and vacate its judgment affirming petitioner's conviction on his direct appeal and reinstate the cause on its docket, it may then defer setting said cause for such period of time as may be reasonably necessary to determine whether petitioner wants to avail himself of the opportunity afforded him by the Supreme Court of Missouri to file a Missouri Rule 27.26 motion in the Circuit Court of New Madrid County, Missouri. It is further

Ordered that if petitioner, pursuant to orders entered by the Supreme Court of Missouri that are similar in substance to the orders entered on August 7, 1967 in Garton v. Missouri, elects to file a Missouri Rule 27.26 motion in the Circuit Court of New Madrid County, Missouri, the Supreme Court of Missouri may defer the appointment of appellate counsel and the processing of the new direct appeal until the Circuit Court of New Madrid County shall have processed the Missouri Rule 27.26 motion pursuant to the provisions of amended Missouri Rule 27.26 and the directions of the Supreme Court of Missouri as contained in the last paragraph of State v. Stidham, Mo.Sup., 415 S.W.2d 297. Thereafter any appeal from the granting or denial of such motion may be consolidated with and heard by the Supreme Court of Missouri with petitioner's deferred new direct appeal. In this event the writ shall not issue pending the determination of the consolidated appeals by the Supreme Court of Missouri. It is further

Ordered that in the event the petitioner is granted a new direct appeal but elects not to file a Rule 27.26 motion, execution of the writ shall be stayed if the Supreme Court of Missouri vacates and sets aside its judgment on petitioner's original direct appeal, shall appoint appellate counsel and proceed to hear and determine the new direct appeal as above indicated. Should, under these circumstances, the Supreme Court of Missouri again affirm petitioner's conviction in this case, on motion of the petitioner, this Court will reinstate this case on its docket for, such further proceedings as may be appropriate. It is further

Ordered that the Attorney General of Missouri keep this Court advised of all steps taken by him and by the courts of Missouri in connection with all action taken in regard to the stay of execution of the writ herein granted.