Dan Westley GRAY, Petitioner,

v.

Harold R. SWENSON, Warden, Respondent.

No. 1392.

United States District Court
W. D. Missouri, C. D.

March 4, 1969.

See also D.C., 271 F.Supp. 912.

Dan Westley Gray, pro se.

No entry of appearance for defendant.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

In Gray v. Swenson (W.D.Mo.1967), 271 F.Supp. 912, No. 1202 in this Court, we granted petitioner's petition for habeas corpus but stayed the issuance of the writ in order to permit the State of Missouri to take appropriate steps to set aside and vacate the Supreme Court of Missouri's affirmance of petitioner's original conviction on his direct appeal as reported in 360 S.W.2d 642, and to appoint appellate counsel for petitioner for a new direct appeal to be granted *in accordance with the command of* Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), as retroactively applied by this Court in Donnell v. Swenson (W.D.Mo.1966), 258 F.Supp. 317, affirmed 8 Cir. 1967, 382 F.2d 248.

In *Gray,* on page 917 of 271 F.Supp., we took note of the fact that:

The pleadings filed by petitioner in the Supreme Court of Missouri in this case, as in many in the volume of postconviction cases processed by this Court, show that petitioner improperly attempted to raise federal questions in that court in addition to the denial of appellate counsel question that was properly presented to that Court. If petitioner follows the pattern established in other cases, he will attempt to present those additional questions to this Court before the Missouri courts will have been given a proper opportunity to pass on the merits of those questions. Under established available Missouri postconviction procedures, the additional questions that petitioner improperly sought to inject in his motion to recall mandate filed in the Supreme Court of Missouri are questions that may properly be raised only in a State trial court proceeding pursuant to amended Missouri Rule 27.26.

When this case was first before this Court we commented on the time saving procedures established by the Supreme Court of Missouri in the then recent *Garton* litigation in which a similar procedural situation had been presented. In that litigation the Supreme Court of Missouri had affirmed the petitioner's conviction on direct appeal in State v. Garton, Mo.1963, 371 S.W.2d 283, and had affirmed the trial court's denial of a Rule 27.26 motion without an evidentiary hearing in State v. Garton, Mo.1965, 396 S.W.2d 581, before this Court exercised its habeas corpus jurisdiction.

We eventually granted the writ but stayed its execution in Garton v. Swenson (W.D.Mo.1967), 266 F.Supp. 726. Our order in *Garton* stayed execution of the writ in that case on the same conditions which were subsequently imposed in this case.

Following our decision in *Garton,* the Supreme Court of Missouri issued an

order which permitted the petitioner to elect to file a new Rule 27.26 motion in the State trial court. Petitioner elected to so proceed. Neither the Supreme Court of Missouri nor this Court has been required to proceed further in connection with that particular petitioner because he was granted an appropriate evidentiary hearing by the State trial court in connection with his new Rule 27.26 motion.

If and when another Garton appeal reaches the Supreme Court of Missouri that court will have the benefit of the State trial court's findings of fact and stated conclusions of law on all possible State and federal claims in accordance with the command of State v. Stidham, Mo. en banc 1967, 415 S.W.2d 297, and Missouri v. Fritz, Mo.1968, 429 S.W.2d 699. And should thereafter Garton again seek federal habeas corpus this Court, absent exceptional circumstances, would not be required to hold a further evidentiary hearing because it would be in an appropriate position to defer to the State trial judge's findings of fact which the Supreme Court of Missouri would have held to be not clearly erroneous under principles stated in Crosswhite v. State, Mo.1968, 426 S.W. 2d 67.

We stated in *Gray* that the procedures followed by the Supreme Court of Missouri following our grant of the writ in *Garton* "provide an excellent and adequate procedure for the elimination of what otherwise would be piecemeal postconviction litigation." We added that:

The practical effect of the Supreme Court of Missouri's action in *Garton* was to afford the petitioner in that case an opportunity before that court heard and determined petitioner's new direct appeal, to elect to raise in the State trial court and to later present to the Supreme Court of Missouri for it decision on the merits, any and all postconviction grounds, both State and federal, known to the petitioner and his counsel for vacating, setting aside or correcting his sentence. [271 F. Supp. at 918.]

Following the precedent established by the *Garton* litigation we included in our stay order in this case the following provision:

ORDERED that if petitioner, pursuant to orders entered by the Supreme Court of Missouri that are similar in substance to the orders entered on August 7, 1967 in Garton v. Missouri, elects to file a Missouri Rule 27.26 motion in the Circuit Court of New Madrid County, Missouri, the Supreme Court of Missouri may defer the appointment of appellate counsel and the processing of the new direct appeal until the Circuit Court of New Madrid County shall have processed the Missouri Rule 27.26 motion pursuant to the provisions of amended Missouri Rule 27.26 and the directions of the Supreme Court of Missouri as contained in the last paragraph of State v. Stidham, Mo.Sup., 415 S.W. 2d 297. Thereafter any appeal from the granting or denial of such motion may be consolidated with and heard by the Supreme Court of Missouri with petitioner's deferred new direct appeal. In this event, the writ shall not issue pending the determination of the consolidated appeals by the Supreme Court of Missouri. [Id at 919].

On August 22, 1967 and within the time allowed by our stay order, the Attorney General of Missouri filed a motion in the Supreme Court of Missouri to set aside petitioner's original conviction, to reinstate petitioner's direct appeal on the docket of the Supreme Court of Missouri or in the alternative to direct the Circuit Court of New Madrid County to process a new Rule 27.26 motion in accordance with the 1967 amendments to that rule.

On September 11, 1967 the Supreme Court of Missouri, on its own motion, set aside its 1962 order affirming petitioner's conviction and directed the Circuit Court of New Madrid County to appoint counsel to represent petitioner in connection with petitioner's new direct appeal. It also ordered that the new

direct appeal be consolidated with an appeal in Cause No. 52502, another appeal of petitioner's which then pended in the Supreme Court of Missouri.

■ The fact that the Supreme Court of Missouri rejected the Attorney General's suggestion that the *Garton* procedure be followed does not mean that the State of Missouri did not comply with the conditions stated in the stay of execution granted as a part of this Court's order of August 11, 1967. The September 11, 1967 order of the Supreme Court of Missouri did set aside petitioner's original conviction and granted petitioner a new direct appeal.

The fact that petitioner still has the right to file a new Rule 27.26 motion and carry the new questions presented up through the Missouri courts still another time in the event petitioner is not successful in the case presently pending in this Court does not mean that the State of Missouri did not appropriately comply with the conditions of the August 11, 1967 stay order of this Court.

Petitioner's new petition for habeas corpus, however, alleges that in connection with the new direct appeal granted him by the Supreme Court of Missouri he was not in fact afforded "a proper direct trial court appeal consistent with the order of this Court in No. 1202" and that "no adequate brief was ever filed attempting to bring out the merits of the direct appeal or the collateral appeal." Petitioner alleges in his pending petition that "the brief submitted by the petitioner's appointed attorney fails to even comply with the Supreme Court's rules on drafting and filing appellate Briefs."

■ The pending petition alleges that on October 25, 1968 the Supreme Court of Missouri again affirmed his conviction on his second direct appeal. Petitioner's present petition therefore presents the question of whether petitioner was afforded effective assistance of appellate counsel in connection with the new direct appeal granted him in accordance with the stay of execution of the writ granted by this Court in No. 1202. In order that such question may be determined in accordance with the applicable law, it is

Ordered that petitioner is granted leave to proceed *in forma pauperis*. It is further

Ordered that John E. Besser, Esquire, of the Bar of this Court, be requested to represent petitioner. It is further

Ordered that within twenty (20) days respondent prepare, serve and file an appropriate response to which will be attached as exhibits copies of all briefs and other matters, including but not limited to correspondence to and from petitioner and to and from Raymond A. Klemp, Esquire, of Carruthersville, Missouri, petitioner's State court appointed counsel, which were filed in the Supreme Court of Missouri and the Circuit Court of New Madrid County since this Court's order of August 11, 1967 was entered. It is further

Ordered that all correspondence to and from petitioner's State court appointed counsel and the Attorney General of Missouri be attached as an exhibit to respondent's response. It is further

Ordered that if petitioner wishes to waive his attorney-client privilege, a matter about which he shall consult with John E. Besser, Esquire, counsel appointed to represent him in this Court, he may, within twenty (20) days of this order, prepare, serve and file a copy of all correspondence he had with counsel appointed to represent him in connection with his new direct appeal. It is further

Ordered that should petitioner make any filing in accordance with the foregoing paragraph of this order a copy thereof shall be served on Raymond A. Klemp, petitioner's State court appointed counsel, in order that Mr. Klemp be given an opportunity to prepare, serve and file within ten (10) days after such service, an appropriate statement as to whether the correspondence filed by petitioner was or was not actually sent and received and whether such file of cor-

1044

respondence is a copy of all correspondence exchanged between petitioner and Mr. Klemp. If Mr. Klemp had additional correspondence with petitioner, he shall attach it to his filing.