Kirk COLLINS, Defendant-Appellant,

v.

STATE of Missouri,
Plaintiff-Respondent.

No. 38925.

Missouri Court of Appeals,
St. Louis District,
Division 1.

April 4, 1978.

Robert C. Babione, Public Defender, Mary E. Dockery, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Judge.

Kirk Collins appeals from the action of the trial court dismissing movant's Rule 27.26 motion without appointment of counsel or evidentiary hearing. Collins was convicted of first degree murder and assault with intent to kill with malice. He was sentenced to life imprisonment for the murder and 25 years for the assault. On appeal his convictions were affirmed. See *State v. Collins*, 520 S.W.2d 155 (Mo.App.1975). We reverse and remand for further proceedings.

The motion contained 20 grounds, with subpoints to some grounds. On appeal movant premises error upon the refusal to appoint counsel and hold an evidentiary hearing as to his allegations of ineffective assistance of counsel. We find it unnecessary to discuss each of the allegations of ineffectiveness as we find one allegation to be sufficient to warrant appointment of counsel and evidentiary hearing. Under Rule 27.26(h) counsel will have an opportunity to amend the motion if warranted to present all grounds available to movant whether properly pleaded in the original motion or not.

The allegation we find sufficient reads as follows:

"Defendant was denied effective assistance of counsel under the sixth amendment in that counsel did not investigate the case, nor talk to important witnesses in behalf of defendant's defense . . ..

(d) 'Defendant requested from counsel to go and talk with three witnesses who were employed where defendant also worked, but counsel did not go and seenor (sic) talk with said witnesses who were favorable to the defense', shorty (sic) after defendant was convicted, Beatrice Collins went to where the three witnesses were employed, (said witnesses would testify at trial) and asked why they didn't come to trial to testify, where-upon they stated that no lawyer ever got in touch with them, and that they 'called' counsel's office to try and learn when could they see him, and left their number with his office for counsel to return their call, counsel never got in touch with them at any time concerning the defendant's case, and told defendant, while at trial, that he got in touch, had a subpeona (sic) sent to them, but didn't know why theyweren't (sic) at trial, their testimony would have seriously questioned the statement of positive identification made by the states witnesses, *Beasley v. United States*, 491 F.2d 687 held that, 'Defense counsel must investigate all apparently substantial defenses available to thedefendant (sic) and must assert them in a proper time andmanner (sic).' The names of the three witnesses are, Clarence Miller, Laverne Taylor, and Sara Sewell, all were employed at the Supreme Cab Co. They all were to testify as to defendant's physical appearance on the date of Sept. 18, 1972, and that defendant's face was so badly swollen at that day and time that defendant was unrecognizable to them, let alone to someone who claimed they only saw defendant for a couple minutes, as the states witness testified. Counsel failed to go and see these witnesses, and have their favorable testimony at trial."

The trial court concluded this allegation was conclusory, immaterial, and constituted only impeachment of the state's only eyewitness to the crime. See *State v. Garton*, 396 S.W.2d 581 (Mo.1965). Movant's conviction was based upon one victim's identification of movant as one of the men who shot him and a companion. The identification was based upon a brief look at movant and upon the witness' testimony that he recognized movant from having seen him twice within the week before the crime.

Movant's allegation identifies by name three witnesses he requested his counsel to interview. It alleges counsel did not interview them and failed to respond to their efforts to contact him. It sets forth the substance of their testimony and in what respect it was beneficial to movant. This meets the requirements of the allegations necessary to entitle movant to an evidentiary hearing. *See Smith v. State*, 513 S.W.2d 407 (Mo.banc 1974); *Thomas v. State*, 516 S.W.2d 761 (Mo.App.1974). The trial court did not find and the state does not contend these allegations are refuted by the record. The allegation by movant goes beyond merely an impeachment of the state's eyewitness as involved in the *Garton* case, *supra*, relied upon by the trial court. That movant on the day of the crime had a face so badly swollen as to be unrecognizable by his fellow workers goes directly to the question of whether movant was in fact the person seen at the scene of the crime. His identity was the key to the state's case and misidentification was movant's only real defense. It was counsel's obligation to investigate any witnesses who might support a claim of misidentification, particularly if their identity was revealed to him by movant. Movant stated facts which if proven would be sufficient to support a finding of ineffectiveness of counsel. He was entitled to the appointment of counsel and an evidentiary hearing under the provisions of Rule 27.26.

Judgment reversed and cause remanded for further proceedings.

CLEMENS, P. J., and McMILLIAN, J., concur.