STATE of Missouri, Respondent,

v.

George SCHAFFER, Appellant.

No. 50624.

Supreme Court of Missouri,
Division No. 1.

Oct. 12, 1964.

Motion for Rehearing or to Transfer to
Court En Banc Denied Nov. 9, 1964.

Thomas F. Eagleton, Atty. Gen., Donald
L. Randolph, Asst. Atty. Gen., Jefferson
City, for respondent.

George Schaffer, pro se.

HOLMAN, Judge.

Defendant, a prisoner in the Missouri State Penitentiary, instituted this proceeding under the provisions of Supreme Court Rule 27.26, V.A.M.R., by the filing of a pro se motion to set aside a judgment and sentence wherein he had been adjudged guilty of forcible rape. In the original trial the court found as charged, that defendant had been convicted of a prior felony. Defendant's punishment was fixed by the court at imprisonment in the penitentiary for a term of 99 years. Upon appeal to this court the judgment was affirmed. State v. Schaffer, Mo.Sup., 354 S.W.2d 829.

Upon the filing of defendant's motion the trial court set the same for hearing, ordered that defendant be brought to St. Louis so that he could be present at the hearing, and appointed an attorney to represent him in presenting the motion. At the hearing the attorney for defendant made an argument in which he discussed the various contentions contained in the motion but no evidence was offered in an effort to prove the fact allegations therein. Thereafter, the court overruled the motion and defendant has duly appealed from that order and judgment.

As stated, the crime charged was forcible rape. As shown by the transcript of the original trial, defendant is a Negro and prosecutrix is a mentally retarded white girl who was 18 years old at the time in question. It was admitted by defendant that prosecutrix spent the night in his house and that during a part of the night they were in bed together, both in the nude. Prosecutrix testified that she was walking on the sidewalk when she was grabbed from behind and dragged into defendant's quarters; that defendant then tore her clothing off, beat and choked her, and "knocked her out" for an indefinite length of time. She could not tell the jury whether defendant had intercourse with her but a medical examination made shortly after she left defendant's home showed facts which would reasonably warrant a finding of recent intercourse.

Defendant testified that prosecutrix came to his home voluntarily and that she was, at that time, "scratched and beat up" and her clothes were torn; that she didn't want to go home because she was afraid her mother would whip her. While he remembered that he and prosecutrix were in bed together, nude, during a part of the night, he stated that he had been drinking and if he had intercourse with her he did not remember anything about it.

■ A number of the contentions in defendant's motion relate to alleged errors which occurred in the trial of his case. Such assignments may not be considered in a proceeding under Rule 27.26. This court has recently said that " 'Rule 27.26 affords a prisoner a convenient means for a direct attack on the judgment of conviction by motion in the original proceeding. The attack is governed by the general principles applicable to habeas corpus proceedings within the grounds specified in Rule 27.26, which lie only where the sentence is void or otherwise subject to collateral attack.' State v. Cerny, 365 Mo. 732, 286 S.W.2d 804, 806. We have also said that 'A motion under Rule 27.26 may not be used as a substitute for a motion for new trial (State v. Cerny, Mo.Sup., 286 S.W.2d 804) nor function as an appeal.' State v. Hagedorn, Mo.Sup., 305 S.W.2d 700, 702. * * * Rule 27.26 does not afford a basis for the review of trial errors * * *." State v. Childers, Mo.Sup., 328 S.W.2d 43, 44, 45.

■■ One of the principal contentions of defendant in his motion is that his conviction should be set aside because he was denied the constitutional right to the effective assistance of counsel. Defendant was represented by an attorney appointed by the court. On the face of the transcript it appears that said attorney defended the case in a creditable manner. But defendant says that his attorney had a relative on the police force and that he failed and refused to call witnesses who would have testified to facts contradictory to some of the State's evidence. No proof of these matters was pre-

sented at the hearing and therefore they are not before us for consideration. He also contends that his counsel failed in the performance of his duties when he did not file a motion to suppress certain evidence (including a bloody towel) which had been procured by the police in an unlawful search. These items were obtained by the police immediately after defendant had been arrested at his home. In those circumstances a motion to suppress would have been unavailing. A search as an incident to a lawful arrest is not improper. State v. Brookshire, Mo.Sup., 353 S.W.2d 681. The contention that defendant did not have the effective assistance of trial counsel is ruled against him. State v. Turner, Mo.Sup., 353 S.W.2d 602; Mitchell v. United States (1958), 104 U.S.App.D.C. 57, 259 F.2d 787.

During the original trial a color photograph of prosecutrix, taken on the morning following the events heretofore described, was offered in evidence by the State. It was identified as showing her appearance at that time. It was admitted, over defendant's objection that it was inflammatory, and he assigned error because of its admission in his motion for new trial. When the transcript was approved by the attorneys it contained a stipulation that the exhibits could be separately filed in this court. That exhibit was not filed here but this court reviewed the new trial assignment and held that the admission of the photograph was a matter which was largely discretionary with the trial court and, since nothing in the record indicated an abuse of that discretion, we overruled the assignment.

In the motion under consideration defendant complains that he was denied due process and did not obtain a "full and fair review" of his trial by this court because the aforesaid photograph was not before this court upon its determination of his appeal. In his briefs filed here he blames both the circuit clerk and his attorney for the fact that the exhibit was not filed in this court. We agree that the photograph should have been filed here but we rule that defendant was not prejudiced by the fact that it was not before us. That exhibit has been delivered to us in connection with the instant appeal. Our examination of it confirms our prior ruling that it was not inflammatory and that the court did not err in admitting it. The picture shows a number of red scratches on the neck of prosecutrix and some indication that her lips were swollen. This photograph does not disclose injuries as extensive as one would visualize from the descriptions contained in the testimony. This point is overruled.

The final contention of defendant is that the court erred in failing to set aside the judgment because he was not represented by counsel upon his appeal. We are not authorized to consider that contention in this proceeding. This for the reason that if the point should be found to be meritorious it would not result in an order setting aside the judgment of conviction in the trial court. If defendant was denied due process because he did not have counsel on appeal the appropriate relief would be to vacate our judgment affirming the conviction and the cause would then be redocketed for another hearing in this court. While the trial court, under Rule 27.26, may set aside a trial court judgment of conviction (for constitutional infirmities which occurred in that court) in a case which has been theretofore appealed to and affirmed by the supreme court, it could not set aside a judgment of the supreme court because of omissions or infirmities relating solely to the validity of the proceedings in that court. In the instant appeal we are limited to a review of the judgment of the trial court. If defendant desires a ruling on the point under consideration it would appear that it should be raised by an appropriate proceeding instituted in this court.

We recognize that what we have said in regard to the last point would likely be applicable to the contention heretofore considered in regard to the fact that an exhibit was not filed in this court. However, since

that contention related to a point we actually ruled upon in defendant's first appeal, we decided that it was appropriate to discuss it herein.

The judgment is affirmed.

All concur.