**Walter RUSSELL, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**Civ. A. No. 962.**

United States District Court
W. D. Missouri,
Central Division.

Jan. 24, 1966.

Walter Russell, pro se.

William A. Peterson, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

BECKER, Chief Judge.

This is a petition for a writ of habeas corpus by a convict in the Missouri State Penitentiary. The petitioner states that he was convicted in the Circuit Court of Cooper County, Missouri, of rape on his plea of guilty and sentenced to life imprisonment in 1959.

The grounds asserted for the writ include a charge that an involuntary confession was procured from petitioner; that petitioner was denied the effective assistance of counsel in connection with arraignment before the magistrate; and that petitioner was arrested on a warrant of arrest which was issued without the filing of a complaint or affidavit. At least two of the grounds, the alleged involuntary confession and the alleged ineffective assistance of counsel, are grounds for review of the conviction under Missouri Criminal Rule 27.26, V.A. M.R., and by federal habeas corpus if petitioner has exhausted his available effective state remedies as required by Section 2254 of Title 28, U.S.C.A.

Petitioner alleges that he filed a motion to vacate the sentence and judgment in the committing court under the Missouri Criminal Rule 27.26 and that this motion was withdrawn on March 8, 1962. He then states that he has been denied habeas corpus relief once in the Circuit Court of Cole County and twice in the Supreme Court of Missouri. The denials of relief by the Missouri Supreme Court were on October 8, 1962 and August 17, 1964.

An order to show cause why the petition should not be granted was issued. A response has been filed on behalf of the respondent, contending that the petitioner has failed to secure an adjudication of his complaints under Missouri Criminal Rule 27.26. For that reason the respondent has moved that this petition for habeas corpus be dismissed, citing Hooper v. Nash (C.A.8) 323 F.2d 995, cert. den. 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768.

In response, the petitioner contends that he exhausted his state remedies by filing originally in the Supreme Court of Missouri the two petitions for habeas corpus.

The motion to vacate under Rule 27.26 withdrawn voluntarily by petitioner is not, and could not be relied upon to show exhaustion of the state remedies. Hooper v. Nash, supra.

In connection with the exhaustion of the state remedy, the petitioner contends: (1) that since State v. Thompson (Mo. Sup.) 324 S.W.2d 133, relief under Missouri Criminal Rule 27.26 is not available to a prisoner whose original petition for habeas corpus filed in the Supreme Court of Missouri has been adjudicated on the merits; and (2) that since the decision of the Supreme Court of Missouri in State v. Schaffer (Mo.Sup.) 383 S.W. 2d 698, it is no longer necessary or possible for him to secure relief under Missouri Criminal Rule 27.26.

Petitioner first contends, and the respondent denies, that his petitions for habeas corpus were denied by the Supreme Court of Missouri upon the merits. On this subject the respondent has submitted proof of the orders of the Supreme Court of Missouri in Cases Nos. 49754 and 51029, in which the petitioner sought habeas corpus. The order, entered on October 8, 1962, in Case No. 49754 is as follows:

"Now at this day the court having seen and considered petitioner's motion for leave to file petition for habeas corpus as a poor person doth order that said motion be, and the same is, hereby denied for failure to comply with Section 532.050, V.A. M.S." (Now Missouri Civil Rule 91.03, V.A.M.R.)

The order, entered on September 14, 1964, in Case No. 51029 is as follows:

"Letter of Aug. 17, 1964, treated as petition for writ of habeas corpus, denied for failure to state a claim on which relief can be granted, and in view of denial of petition for writ of habeas corpus No. 49754 covering same subject matter on Oct. 8, 1962."

These denials by the Supreme Court of Missouri of petitions for habeas corpus for failure to comply with Section 532.050, V.A.M.S., and for failure to state a claim upon which relief can be granted are not denials of habeas corpus upon the merits, unless the denials are accompanied by a clear determination of the merits of appellant's claims upon the record. No such determination upon the merits appears in this case. There is no showing in the case at bar that the Supreme Court of Missouri denied the petitions for habeas corpus after a full and fair evidentiary hearing before the Supreme Court, as in the case of State v. Thompson, supra, or that the petition was found conclusively to have no merit from an examination of the files and records of the case. Therefore, the rule of the *Thompson* case does not preclude relief upon a motion to vacate under Missouri Criminal Rule 27.26.

The effect of the actions by the Supreme Court in the two petitions for habeas corpus must be determined in the light of Missouri jurisprudence. Following the rendition in 1963 by the Supreme Court of the United States of the famous trilogy, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 770, and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, the Supreme Court of Missouri recognized and assumed its duties defined in the trilogy by directing state trial courts to comply with the current federal decisions by adjudicating post-conviction motions under Missouri Criminal Rule 27.26 under current federal standards. State v. Pickel, Mo., 376 S.W.2d 181; State v. Herron (Mo.Sup.) 376 S.W.2d 192. Thereafter, in a series of unreported decisions, petitions for writ of habeas corpus, filed originally in the Supreme Court of Missouri,[1] were denied because the same remedy was available under Rule 27.26 in the committing court. In re David Lee Green, Petitioner, No. 50657, March 9, 1964, Charles W. Garton v. E. V. Nash, No. 50,826, June 8, 1964. In the *Green* case the Missouri Supreme Court entered the following order:

"Petitioner's motion for leave to file petition for writ·of habeas cor-

1. Section 4, Article 5, Constitution of Missouri 1945, V.A.M.S., provides that the Supreme Court of Missouri "may issue and determine original remedial writs." These writs include habeas corpus.

pus as poor person denied because petition shows that petitioner has adequate remedy under Rule 27.26 in the Circuit Court of City of St. Louis, where witnesses and records are available and full hearing may be made."

In the Garton case the Missouri Supreme Court entered this order:

"Petitioner's motion for leave to file petition for writ of habeas corpus as poor person sustained; petition denied because same remedy is available under Rule 27.26 in which proceeding circuit court may determine fact issues raised."

From these cases it appears that the summary denial of a petition for habeas corpus originally filed in the Supreme Court of Missouri does not preclude the trial court from adjudicating the merits of the petitioner's post-conviction federal claims under Missouri Criminal Rule 27.26 in cases where there has been no determination by the Supreme Court of Missouri on the merits of petitioner's claims in the manner required by current federal standards

(a) following a full and fair evidentiary hearing upon issues which are not conclusively determined to be without merit from the files and records of the case, or

(b) after determination from the records and files in the case that it appears conclusively all petitioner's claims are without merit.

In this case the denials by the Supreme Court of Missouri of the petitions for habeas corpus were not of such nature as thereafter to preclude the trial court from entertaining a motion by petitioner to vacate under Missouri Criminal Rule 27.26.

Next, petitioner contends that he is precluded from filing a motion to vacate under Missouri Criminal Rule 27.26 by the decision of the Supreme Court of Missouri in State v. Schaffer, supra. This contention is unsound. In State v. Schaffer, supra, a post-conviction proceeding under Missouri Criminal Rule 27.26, the petitioner was accorded a plenary evidentiary hearing by the committing state court. The petitioner failed to prove any violation of his rights in connection with the proceedings in the trial court. On appeal, petitioner complained, among other things, that the trial court erred in failing to set aside his conviction because he was not represented by counsel on appeal, a ground asserted in the committing court. On this point, the Supreme Court of Missouri said:

"The final contention of defendant is that the court erred in failing to set aside the judgment because he was not represented by counsel upon his appeal. We are not authorized to consider that contention in this proceeding. This for the reason that if the point should be found to be meritorious it would not result in an order setting aside the judgment of conviction in the trial court. If defendant was denied due process because he did not have counsel on appeal the appropriate relief would be to vacate our judgment affirming the conviction and the cause would then be redocketed for another hearing in this court. While the trial court, under Rule 27.26, may set aside a trial court judgment of conviction (for constitutional infirmities which occurred in that court) in a case which has been theretofore appealed to and affirmed by the supreme court, it could not set aside a judgment of the supreme court because of omissions or infirmities relating solely to the validity of the proceedings in that court. In the instant appeal we are limited to a review of the judgment of the trial court. If defendant desires a ruling on the point under consideration it

would appear that it should be raised by an appropriate proceeding instituted in this court."

This ruling quoted above related only to proceedings at the appellate level. In the case at bar, petitioner's claims related to proceedings in the trial court, with one possible exception, which will be discussed hereinafter.

All of the alleged violations of the federal rights of the petitioner at the trial court level may be presented to the trial court in a motion under Rule 27.26, under the ruling in State v. Schaffer, supra. The only possible exception is petitioner's claim that "at the time the sentence was imposed on me, I did not know the meaning of the word 'appeal' and relied on my attorney to protect my rights." This, in essence, appears to be a claim in connection with proceedings at the trial court level which should be asserted in the committing state court. If, on the other hand, this claim should have substance and be within the rule of State v. Schaffer, supra (which is doubtful), it should be first asserted in the Supreme Court of Missouri and determined on the merits before it is presented to this Court. In any event, the petitioner should exhaust his remedies under Missouri Criminal Rule 27.26 in order to assert the grounds mentioned in the second paragraph of this memorandum, concerning alleged violation of petitioner's rights in proceedings wherein he failed to take a direct appeal from the judgment of conviction complained of.

### The Habeas Corpus Proceedings in Cole County, Missouri

A full disposition of the issues raised by this record requires consideration of the habeas corpus petition denied by the Circuit Court of Cole County. A certified copy of the record of the Circuit Court of Cole County, Missouri, in Case No. 21,500, shows that on April 13, 1962, petitioner filed therein a postconviction petition for habeas corpus charging, among other things, that his conviction was illegal because of the following:

(1) Petitioner was incompetent to understand and to waive state and federal constitutional rights;

(2) Petitioner's confession and plea of guilty were involuntary;

(3) Petitioner lacked the effective assistance of counsel at all stages of investigation and prosecution;

(4) Petitioner's waiver of preliminary hearing was invalid; the filing of information was unauthorized;

(5) "Petitioner's arrest was without an affidavit of complaint," or "oath or affirmation * * * thereof";

(6) Fraudulent, deceitful and "manufactured evidence" was used against petitioner;

(7) Petitioner was not confronted by his accuser;

(8) The existence of prejudicial public feeling against petitioner in community where conviction occurred.

An order to show cause was issued on the petition for habeas corpus. The crucial averments of the petitioner were denied by the respondent warden. Thereupon, on July 5, 1962, the petitioner was accorded a trial and hearing on his petition for habeas corpus. On July 16, 1962, the issues were found generally against the petitioner, and petitioner was remanded to the custody of the respondent warden.

No appeal from this judgment was authorized by Missouri procedure.

In this state habeas corpus proceeding, the trial judge did not (as suggested in the trilogy, and in Townsend v. Sain, supra, in particular at page 319 of 372 U.S., at page 760 of 83 S.Ct. at page 790 of 9 L.Ed.2d) make specific findings of fact and specific declarations of law demon-

strating that petitioner's constitutional claims under the Constitution of the United States (and under the Constitution of Missouri) were groundless. However, the superior learning and high reputation of the trial judge suggests the assumptions that appropriate findings and conclusions were in mind and would have been recorded in 1962 if the later requirements of the trilogy of 1963 were known. Unfortunately these assumptions may not comply with current federal standards retroactively applied (as they must be in respect, at least, to the issue of effective assistance of counsel and to the issue of the involuntary admissions and confession).

 The 1962 denial on the merits of habeas corpus by the Circuit Court of Cole County was the equivalent of a denial of a motion under Rule 27.26 by the trial court from which no appeal was taken. This does not constitute an exhaustion of currently available state remedies in Missouri. Cf. Hooper v. Nash, supra. Since the 1962 Cole County habeas corpus hearing and denial occurred prior to the trilogy and therefore was not adjudicated under current federal standards, the petitioner was not precluded thereby in 1964 and thereafter from requesting relief in the trial and appellate courts to secure relief under current federal standards. Until a motion exhausting the available state remedies under Rule 27.26 has been denied on its merits under the standards of the trilogy by the trial court and the Supreme Court of Missouri, this Court should entertain federal habeas corpus only in cases involving exceptional circumstances showing the motion under Rule 27.26 is inadequate or ineffective. No such exceptional circumstances are present in the case at bar. So this petition should be denied without prejudice.

### Conclusion

For the foregoing reasons it appears that the petitioner has not exhausted his state court remedies and that this petition for habeas corpus should be dismissed without prejudice. It is therefore

Ordered and adjudged that this petition for habeas corpus be, and the same is hereby, dismissed without prejudice.