George Franklin MORRIS, Appellant,

v.

STATE of Missouri, Respondent.

No. 61763.

Supreme Court of Missouri,
En Banc.

Sept. 9, 1980.

Gary L. Robbins, Public Defender, Malcolm H. Montgomery, Sp. Asst. Public Defender, Jackson, for appellant.

John Ashcroft, Atty. Gen., Bruce E. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Judge.

Appellant sought relief from his conviction for first degree robbery in a Rule 27.26 motion in which he claimed ineffective assistance of counsel on appeal. Specifically, appellant alleged that his counsel did not timely perfect the appeal. Counsel took no steps to further the appeal after filing a notice of appeal and jurisdictional statement. The trial court found that appellant was not entitled to an evidentiary hearing or relief under the rule, citing *Gerberding v. State*, 433 S.W.2d 820 (Mo.1968) and *State v. Schaffer*, 383 S.W.2d 698 (Mo.1964).

The Court of Appeals, Southern District, affirmed the judgment of the trial court, holding that as per *Hemphill v. State*, 566 S.W.2d 200 (Mo. banc 1978), a Rule 27.26 proceeding cannot be used to consider the issue of ineffective assistance of appellate counsel and alleged defects in proceedings before the appellate courts. This Court granted transfer and will consider the issue as if on original appeal. Mo.Const. art. V, § 10.

The divisional opinions of this Court in *Gerberding* and *Schaffer* were reaffirmed in *Hemphill*. The facts in the latter case, however, differ from those in the instant case in a significant way and lead us to the conclusion that *Hemphill*, although relying on those earlier cases,[1] was particularly ap-

---

1. In *Gerberding* the defendant's Rule 27.26 motion was denied without an evidentiary hearing. On appeal the Court determined that he was entitled to a hearing on other issues but added that the claim that his original appeal was neither briefed nor argued by his counsel could not be reached by a motion under Rule 27.26.

*Schaffer* was cited as precedent for this conclusion.

In *Schaffer* the defendant's final contention in his appeal of the denial of his Rule 27.26 motion was that the court erred in failing to set aside the judgment because he was not represented by counsel upon his appeal. (*Schaffer*

propriate for a case of the kind before it then, but should not be applied to all claims of ineffective assistance of counsel on appeal.

Among the several points raised in *Hemphill*'s Rule 27.26 motion was a charge of ineffective assistance of appellate counsel due to his retained counsel's failure to brief many of the errors alleged in the motion for new trial. This Court held at 566 S.W.2d 208 that:

> [r]elief from defects in proceedings before the appellate courts are beyond the scope of the remedy (27.26) and such relief should be sought only in the appellate court of rendition and there by a motion to recall the mandate, vacate the sentence of affirmance and redocket the cause for rehearing.

The Court further reasoned:

> Here the efficacy of the conviction is challenged not for matters occurring in the trial process but for the acts or omissions of counsel in the appellate process and their contaminating effect on that appeal. The appellate court, rendering the final judgment in the appeal, is in the best position to rule and determine such issues. It is there the briefs are presented, argument heard and the effect of the conduct of appellate counsel as it bears on the issue of "ineffective assistance" may best be determined.

*Id.* at 208.

In the case before us now, appellant's counsel first failed to file a timely notice of appeal. After the appeal was dismissed, the Southern District granted appellant's request for leave to file a late notice of appeal. A second notice of appeal was filed with a jurisdictional statement attached. No further steps to perfect the appeal were taken thereafter, and the Southern District, after notice to appellant and his counsel, dismissed the second appeal. After this dismissal appellant filed a Rule 27.26 motion seeking relief on the basis of ineffective assistance of *appellate counsel*.

The language of *Hemphill*, as quoted *supra*, leads us to conclude that the holding of evidentiary hearings by appellate courts as part of a challenge to the effectiveness of appellate counsel was not intended or envisioned therein. In *Hemphill* the unique vantage of the appellate court was stressed because the issues presented there were ones that could be resolved by that court by reason of its supervisory role in the briefing process and its first–hand knowledge of oral arguments. No such special vantage resides in the appellate court in this case. In fact, the only matter before the appellate court in this case is the notice of appeal and jurisdictional statement, whose sufficiency is not challenged. It is obvious that the issues in *Hemphill* were subject to relatively simple resolution without an evidentiary hearing. The issue in the instant case is not so well–defined or easily resolved. For example, a question central to appellant's 27.26 claim remains unanswered on the face of the motion: whether appellant's counsel abandoned appellant on appeal or whether appellant indicated he did not wish to pursue the appeal?[2] The filing of a

---

preceded cases which determined that an indigent defendant is entitled to the effective assistance of counsel on appeal as well as at trial.) The Court said in *Schaffer*, 383 S.W.2d at 700:

> While the trial court, under Rule 27.26, may set aside a trial court judgment of conviction (for constitutional infirmities which occurred in that court) in a case which has been theretofore appealed to and affirmed by the supreme court, it could not set aside the judgment of the supreme court because of omissions or infirmities relating solely to the validity of the proceedings in that court.

The rationale of that case has no application to the instant case. If an appellant were entitled to relief under a claim like the one here, there would be no judgment of affirmance by the supreme court (or other appellate court) to be set aside. In fact, the merits of the case would never have been reached because no appeal occurred; it would have been dismissed for failure to timely perfect.

2. Appellant included the following in his Rule 27.26 motion:

> It is to the best of movant's knowledge and belief that his attorney received a notice from the Missouri Court of Appeals Springfield District that movant's appeals would be dismissed if he didn't comply with Missouri Supreme Court requirements of Rule 28.03 and 81.04 and

motion to recall the mandate, as approved in *Hemphill*, could evolve from a simple process of reviewing the record on appeal, the briefs and the oral arguments to a lengthy procedure which could include an evidentiary hearing requiring the presence of a defendant, his past and current counsel, the prosecutor and others. Such an extension would exceed the intended scope of *Hemphill*.[3]

■ In cases where an appellate court retains no *unique knowledge* necessary to the disposition of a claim of ineffective assistance of appellate counsel or where an evidentiary hearing may be deemed necessary to the disposition, a Rule 27.26 motion is the appropriate vehicle for seeking post–conviction relief. *Cf. State v. Gates*, 466 S.W.2d 681 (Mo.1971) and *State v. Jones*, 446 S.W.2d 796 (Mo.1969). The procedure set out in *Hemphill* should continue to be followed only in cases whose facts would so justify.

This conclusion is in keeping with *State v. Frey*, 441 S.W.2d 11 (Mo.1969). In that case, defense counsel failed to file a timely notice of appeal after the defendant was convicted and sentenced on a charge of robbery in the first degree. The defendant filed a Rule 27.26 motion to set aside the sentence and judgment. Finding that the movant's appeal was dismissed for this failure, and movant thought in good faith that his appeal was perfected in said court of appeals and movant was waiting the court's opinion in the matter until he wrote the Clerk of Court of Appeals and learned that his appeal was dismissed. Movant contends there was no waiver in this case because the relinquishment of those rights as movant has pointed out herein was not a "knowing" one.

3. We find the circumstances of this case more closely akin to those in *Nicholson v. State*, 524 S.W.2d 106 (Mo. banc 1975) and the cases cited therein than those in *Hemphill*. In *Nicholson*, the defendant's court appointed attorney requested and was granted leave to file a motion for new trial after the maximum time allotted by the rules. Thereafter, that counsel was allowed to withdraw from the case without having filed the motion but before the expiration of the period specifically permitted by the court. New counsel was not appointed until after the time had expired to file a motion for new trial.

evidence established that defendant had desired an appeal and had requested his attorney to appeal the conviction, the trial court sustained defendant's motion and ordered him discharged. The state appealed. This Court concluded that the trial court had jurisdiction to hear and determine the motion under Rule 27.26 to vacate the sentence but erred in ordering the discharge of the defendant. In so holding the Court quoted *Williams v. United States*, 402 F.2d 548 (8th Cir. 1968):

> [T]he objective of granting a defendant an appellate review of which he has been unconstitutionally deprived is generally accomplished by means of vacating the sentence and remanding the case to the trial court for resentencing, the time for appeal then commencing to run from the date of the resentence.

*Id.* at 552.

■ The record in this 27.26 proceeding is insufficient to justify the same disposition here. Accordingly, we reverse and remand to the trial court for appointment of counsel, determination of the need for an evidentiary hearing to resolve whether or not appellant did waive his right to appeal and other appropriate relief.

All concur.

As to the proper disposition under those facts the Court said:

> We have consistently held, however, that the appropriate remedy in cases where *the right to an appeal* has been unconstitutionally abridged, is to vacate the sentence and order the case remanded with directions to permit the appellant to file a motion for new trial. [citations omitted] [emphasis added]

*Id.* at 111.

No claim is made in the instant case that the motion for new trial was deficient in any way; so the exact solution of *Nicholson* would be inappropriate here. It is clear, however, that appellant's claim in the instant case is more like the failure to file a motion for new trial than the failure to *adequately* brief and argue a case, as in *Hemphill*. That makes the procedure set out in *Frey* more fitting than that in *Hemphill* in cases such as these. The line to be drawn as to what court is better suited to review post-conviction claims should be determined by factors of substance and not by arbitrary labels such as trial vs. appeal errors.