**James Edward GOFF, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 42929.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 24, 1981.

James W. Whitney, Jr., Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from a denial of his Rule 27.26 motion after an evidentiary hearing.

The record reveals that after a trial by jury, movant was convicted and ultimately sentenced to six years in the Department of Corrections for the charge of stealing. Movant's sole point involves the withdrawal of his notice of appeal.

While incarcerated in the penitentiary, movant wrote the trial judge stating that he desired to withdraw his appeal. His retained trial counsel's partner was appointed to represent him on appeal. Movant's letter requesting a withdrawal of his notice of appeal was referred to the appointed appellate counsel.

Counsel immediately wrote movant in the penitentiary stating that movant's letter to the trial judge had been forwarded to him and that the court had appointed him to represent movant on appeal. In that letter, the attorney stated:

> While it is your right to terminate the appellate process at any time, it is my obligation under the law to advise you of the consequences of this conduct. The right of appeal to the Missouri Court of Appeals in St. Louis is strictly controlled by statute and Court rules and in the event you should withdraw this appeal I doubt very seriously that you would ever have the opportunity to undertake a direct appeal of your present conviction. Under such circumstances, you would not have any alternative but the completion of your sentence until discharged according to law . . . .
> In synopsis, I cannot at this point give you an opinion as to the merits of your appeal and I can only advise that you have a right to withdraw the appeal should you wish to do so and should you understand the nature of your action. If you feel that you have fully reviewed your options and have firmly decided that you wish to withdraw your notice of appeal, I have enclosed a statement to that effect which I would appreciate your signing before the appropriate authorities and returning to me at your convenience. Given the nature of your correspondence of the 30th of June I will take no further action until I have heard from you in response to this letter. If you have any specific questions concerning the matter, please contact me at your convenience.

A carbon copy of this letter went to the court.

Subsequently, the appellate counsel received from movant a notarized document authorizing him to withdraw the notice of appeal. In accordance therewith, the attorney subsequently withdrew the appeal.

At the evidentiary hearing, movant contended that he had not known what he was doing. He did testify that he wrote the initial letter after a discussion with "a jailhouse lawyer." The jailhouse lawyer said he would be more successful with a 27.26 motion than with an appeal. Further, movant testified that he went over the documents that he had received from his court-appointed attorney with the jailhouse lawyer.

In his Rule 27.26 motion, movant attacks the effectiveness of his appellate counsel relating to the dismissal of his appeal. The trial court concluded in its findings of fact and conclusions of law, that movant could not attack the effectiveness of his appellate counsel on a Rule 27.26 proceeding. Regardless of this ruling, the trial court made findings that movant's appellate counsel fully informed movant of the consequences of his withdrawal and that movant knowingly and voluntarily withdrew his appeal. Further, the trial court noted that if it had been vested with jurisdiction, it would have concluded that movant was precluded from relief by the actions that movant chose to take.

■ On appeal, movant broadened his ineffective assistance of appellate counsel claim to include a claim that his withdrawal was not made voluntarily and knowingly. This he cannot do. The State argues that although the trial court erred in finding that it was without jurisdiction to decide the effectiveness of the appellate counsel

issue, its ruling denying movant relief should be affirmed. The State cites *Jones v. State,* 604 S.W.2d 607 (Mo.App.1980) for the proposition that "[w]here the trial court reaches the correct result, it is immaterial that the court may have assigned an erroneous reason for its ruling." *Id.* at 609. Further, the State argues that the trial court's findings of fact and alternative conclusions of law correctly find that movant was effectively assisted by appellate counsel. We agree.

At the time the trial court ruled, the general rule as to effectiveness of appellate counsel was that such claims were not cognizable under Missouri Rule 27.26. *See Hemphill v. State,* 566 S.W.2d 200, 208 (Mo. banc 1978). However, subsequent to the trial court ruling, the Supreme Court handed down *Morris v. State,* 603 S.W.2d 938 (Mo.banc 1980), wherein it stated: "In cases where an appellate court retains no *unique knowledge* necessary to the disposition of a claim of ineffective assistance of appellate counsel or where an evidentiary hearing may be deemed necessary to the disposition, a Rule 27.26 motion is the appropriate vehicle for seeking post-conviction relief." *Id.* at 941 (emphasis supplied). In *Morris,* movant claimed ineffective assistance of counsel on appeal in that counsel did not timely perfect the appeal. The trial court had found that movant was not entitled to an evidentiary hearing or relief under the rule. The supreme court reversed and remanded.

■ Here, the trial court held an evidentiary hearing and made findings of fact and alternative conclusions of law regarding whether movant was ineffectively assisted by appellate counsel.[1] We have reviewed the record and conclude the trial court's denial of movant's Rule 27.26 motion is not clearly erroneous.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.

1. We note that nowhere in his motion or in his brief does movant suggest what grounds would have created a successful appeal.