**Melvin Lewis LEE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 43053.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 18, 1981.

Paul E. Ground, Ellisville, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant was charged with assault with intent to kill with malice aforethought and first degree robbery. A jury acquitted him of the former charge and convicted him of the latter offense. The court sentenced movant to a term of twenty years. His conviction was affirmed by this court in *State v. Lee,* 536 S.W.2d 198 (Mo.App.1976). Movant subsequently filed a Rule 27.26 motion and after an evidentiary hearing the motion was denied. Movant appeals.

The facts relevant to this appeal focus on a chance meeting between Brendan Ryan, Circuit Attorney for the City of St. Louis, and Mrs. Valier, a juror in movant's trial. Mr. Allred, one of Mr. Ryan's assistants, was trying defendant's case. One evening during the course of the trial Mr. Ryan attended a reception at the mayor's office. Mrs. Valier was also in attendance. Mrs. Valier introduced herself to Mr. Ryan as a juror in the case in which Mr. Allred was the prosecutor. She stated that "according to the court's instruction I am prohibited from discussing anything about the cases." Mr. Ryan replied "Yes, that is right" and no further discussion concerning the case took place. Although not directly involved in the case, Mr. Ryan felt that he should disclose the incident to the court. On his way to the judge's chamber he passed by some jurors including Mrs. Valier who greeted him saying "Good morning Brendan." The disclosure of these events was made by Mr. Ryan to the court in the presence of movant's attorney. Movant's attorney requested no relief and apparently did not inform defendant of the incident.

The record presented to us for review reveals no basis for granting relief to movant. There is no evidence indicating either prosecutorial or juror misconduct. Although movant claims the limited contact between the juror and the circuit attorney indicated juror prejudice, movant ignores the fact that the juror voted for acquittal on the assault charge. We have reviewed the record and conclude that the trial court's denial of movant's Rule 27.26 motion is not clearly erroneous. *Goff v. State,* 612 S.W.2d 900 (Mo.App.1981).

Affirmed.

CRIST, P. J., and SNYDER, J., concur.