**Victor Ron MEANEY, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 32427.**

Missouri Court of Appeals,
Western District.

Dec. 15, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Jan. 19, 1982.

Application to Transfer Denied
March 16, 1982.

James W. Fletcher, Public Defender,
Gary L. Gardner, Asst. Public Defender,
Kansas City, for movant-appellant.

John Ashcroft, Atty. Gen., Jefferson City,
Philip M. Koppe, Asst. Atty. Gen., Kansas
City, for respondent.

Before MANFORD, P. J., and DIXON
and NUGENT, JJ.

PER CURIAM:

Victor R. Meaney appeals from the order
of the circuit court overruling his motion to
vacate his conviction pursuant to Rule 27.-
26.

Movant claims error in the trial court's
refusal to consider his claim that he had
been denied effective assistance of counsel
on direct appeal. He also charges that the
trial court erred in concluding that movant
received effective assistance of counsel even
though his attorney failed to move to quash
the jury on the ground that the jury selec-
tion procedure was unconstitutional. His
final contention is that the court erred in
concluding that his right to trial by a repre-
sentative jury was not violated.

Movant was convicted by jury trial of
second degree murder and in June 1977
sentenced to twenty years imprisonment.
This court affirmed the conviction in *State
v. Meaney,* 563 S.W.2d 117 (Mo.App.1978).

Defense counsel did not challenge the
jury selection procedures at trial or on di-
rect appeal. On appeal, counsel briefed a
number of points but failed to present any
citations or authority for several of these
points. On the direct appeal, these points
were considered as waived or abandoned.
*State v. Meaney, supra* at 120.

Movant filed a *pro se* 27.26 motion chal-
lenging his conviction. An evidentiary
hearing was held on the motion. Movant
testified that he never discussed a challenge
to the jury panel with counsel.

The trial court entered findings of fact and conclusions of law in the order which overruled movant's motion and denied all relief. The court found that movant had not been deprived of effective assistance of counsel due to any allegations of ineffectiveness at trial. The court also ruled that the claim of ineffective assistance due to failure to adequately brief the points on appeal was not cognizable under a 27.26 motion. The trial court also denied relief on the claim as to composition of the jury.

Review on appeal in this case is limited to a determination of whether the trial court's findings, conclusions, and judgment are clearly erroneous. Rule 27.26(j); *Fields v. State*, 596 S.W.2d 776, 777 (Mo.App.1980).

The movant's assertion that his attorney on direct appeal was ineffective was rejected by the trial court as not cognizable on a 27.26 motion. This is assigned as error.

The trial court relied upon *Gerberding v. State*, 433 S.W.2d 820 (Mo.1968), in refusing to consider appellant's claim. In *Gerberding*, the movant in his 27.26 motion charged that "his original appeal was neither briefed nor argued by his counsel, thus depriving him of effective assistance of counsel." *Id.* at 824. The court held that such a claim was not properly addressed to the trial court, and relief under Rule 27.26 may not be granted on such a claim. *Id.*

*Hemphill v. State*, 566 S.W.2d 200 (Mo. banc 1978), held that a claim of ineffective assistance of counsel on appeal is not cognizable in a Rule 27.26 proceeding. The appropriate remedy is a motion to recall the mandate in the appellate court of rendition. *Hemphill, supra* at 208.

*Morris v. State*, 603 S.W.2d 938 (Mo.banc 1980), limited *Hemphill* to situations in which the appellate court retains unique knowledge necessary to the disposition of the claim. Where the appellate court does not retain unique knowledge necessary to the disposition of the claim of ineffective assistance or where an evidentiary hearing may be needed for the disposition, a 27.26 motion is the proper means of seeking relief. In the *Morris* case, the allegation of ineffective assistance on appeal on the ground that the attorney did not timely perfect the appeal did not justify following the *Hemphill* procedure. *Morris, supra* at 941.

 The question in the case at hand is whether the appellate court has retained unique knowledge necessary to the disposition of the claim. Making this determination requires a comparison of the facts of *Morris* and *Hemphill*. *Morris* approved the use of a 27.26 motion to reach the issue of ineffective representation on the ground that the attorney failed to perfect a timely appeal. In that case, the attorney managed to obtain leave to file a late notice of appeal, but took no steps afterward to perfect the appeal which was dismissed. The issue in *Morris*—whether counsel abandoned the appeal or whether the movant indicated he did not wish to pursue the appeal—could not have been determined from a review of the appellate record. Evidence would be required to resolve the issue. Thus, the Rule 27.26 motion was the appropriate means of seeking relief.

On the other hand, the issue in the *Hemphill* case—whether the attorney was ineffective for failing to brief many of the errors alleged in the motion for a new trial—was subject to a relatively simple determination without an evidentiary hearing. *Morris, supra* at 940. The appellate court's superior ability to make this resolution was apparent in light of its firsthand knowledge of the contents of the briefs, the general handling of the case by counsel as well as the merits of the appellant's case. A motion to recall the mandate was the proper vehicle for seeking post-conviction relief.

The issue in the case at bar—whether counsel's failure to cite authority for all of his points on appeal constituted ineffective assistance of counsel—is more closely akin to the issue in *Hemphill* than in *Morris*. The appellate court rather than the trial court has direct knowledge of the briefing process and oral arguments. It has firsthand knowledge of counsel's overall handling of the case on appeal. Without benefit of this direct observation, a trial court's

determination of this issue would be questionable. The claim presented here may only be reached by a motion to recall the mandate. *See State v. Zweifel,* 615 S.W.2d 470 (Mo.App.1981). Therefore, the trial court did not err in refusing to consider ineffectiveness of counsel on appeal.

■ The disposition of movant's second point on appeal is governed by *Benson v. State,* 611 S.W.2d 538 (Mo.App.1980). Movant's assertion that his attorney was incompetent in failing to file a motion to quash the jury panel on the basis of alleged underrepresentation of women glibly ignores the thorough treatment of this identical issue in the *Benson* opinion. There, the court stated, "[T]he failure of a defense attorney to file a motion to quash under the *Taylor* [419 U.S. 522, 95 S.Ct. 692, 42 L.Ed. 690] doctrine will not be deemed ineffective representation as a general rule." *Benson, supra* at 545–46. Moreover, movant must bear the burden of demonstrating that reasonably competent attorneys under existing circumstances would have filed such a motion to quash as well as offered proof in support of the motion. *Benson, supra* at 544.

Movant's third and final point is also controlled by *Benson.* He complains that the trial court "erred in concluding that appellant's sixth and fourteenth amendment right to a trial by jury was not violated...." The essense of his constitutional claim is an allegation of underrepresentation of women on the jury panel, resulting in a jury which was not a fair cross section of the community.

■ *Benson* stated that "there is no reason to depart from settled principle when dealing with imperfectly preserved claims of error in cases tried before *State v. Duren,* [556 S.W.2d 11 (Mo.banc 1977)]." The issue must be raised at the earliest opportunity and preserved at each step. *Benson, supra* at 541. *Lee v. Missouri,* 439 U.S. 461, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979); *State v. Sockel,* 485 S.W.2d 393 (Mo.1972); *State v. Robinson,* 484 S.W.2d 186 (Mo.1972). The claim was not preserved for appeal and thus is barred from consideration by this court.

Judgment affirmed.