Frank **BUSKUEHL**, Movant-Appellant,

v.

**STATE of Missouri**,
Defendant-Respondent.

No. 50941.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 12, 1986.

Laurence G. Schmidt, Hillsboro, for movant-appellant.

William L. Webster, Atty. Gen., Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

KAROHL, Judge.

Movant appeals denial of post-conviction relief based on claims of ineffective assistance of counsel at trial and on direct appeal in defense of the charge of Assault First Degree as a violation of § 565.050 RSMo 1978. After a hearing the motion court denied relief on the basis of comprehensive findings of fact and conclusions of law. The direct appeal was decided in *State v. Buskuehl*, 626 S.W.2d 651 (Mo.App.1981).

Appellant's rule 27.26 motion alleges ineffective assistance of trial counsel for failure to request submission or object to failure to submit lesser included offenses of Assault Second and Third Degree and to preserve the error for appeal. On the same ground it alleges appellant counsel

failed to preserve this issue in the brief on direct appeal. It also alleges that after this court considered the instruction failure on lesser offenses as a matter of plain error under Rule 29.12 and issued an opinion which reversed and remanded for new trial, movant's appellate counsel provoked reconsideration which resulted in a second opinion affirming conviction. Although the instruction issue is a common element of these claims the motion grounds rely on different facts at each level. Accordingly, we first measure the performance of counsel at trial by the standards announced in *Seales v. State*, 580 S.W.2d 733, 736 (Mo. banc 1979), and *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 694 (1984). Both cases require proof of: 1) failure of counsel to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances so as to fulfill the guarantee of the Sixth Amendment; and, 2) resulting prejudice.

■ The trial court initiated a consideration of submission of lesser included charges of second and third degree assault. Trial counsel testified in the motion hearing that he discussed with defendant, now movant, the merits and hazards of tendering the instructions. He said, "[a]fter thinking about it for quite some time we agreed on the strategy of only requesting assault first in the hopes of getting a 'not guilty' on that verdict and not having to accept a compromise verdict on a lesser offense. Because if he was found not guilty of assault first he would be found not guilty of all offenses if the lessers had not been given". If there was error in this decision it was not trial court error. Nor was it an invitation to provoke trial court error. It was simply a conscious and reasoned decision of trial counsel with the consent of his client to exclude the possibility of a compromise verdict on a lesser charge. This strategy is neither uncommon nor is it ineffective assistance of counsel. We have no doubt that it is a successful tactic in some cases. Movant's brief in the present case recognizes and accepts this view. Movant argues that an admission by trial counsel, made after trial, that counsel was not prepared at trial to argue legal grounds to convince the trial court to submit instructions on lesser charges establishes ineffective assistance of counsel. We find such statement meaningless on the present issue because of the reasoned decision not to seek such instructions. There was no reason to prepare for an argument in support of instructions which defendant chose to resist. A decision based on competent trial strategy will not support a claim of ineffective assistance of counsel. *Love v. State*, 670 S.W.2d 499, 502 (Mo. banc 1984).

Before considering the claim related to the direct appeal it is helpful to consider the unusual circumstances of the issuance of two appellate opinions in one case which reach opposite results. On July 28, 1981, a division of this court rendered a decision granting defendant a new trial. On September 29, 1981, that opinion was withdrawn on the courts' own motion. On November 10, 1981, the reported opinion was issued affirming the conviction. On January 11, 1982, our mandate to the trial court based on the November 10, 1981, opinion was issued.

■ We find no statute or rule which mentions our mandate. We find no authority which limits the authority of this court to withdraw an opinion on it's own motion prior to the issuance of a mandate. We find no authority which attaches finality to any opinion of this court prior to mandate. There is no rule for Appellate Court's comparable to Rule 75.01 for trial courts. We conclude that after jurisdiction is vested in this court by a Notice of Appeal we retain jurisdiction at least until the case is ordered transferred to the Supreme Court or until our mandate is issued.

Movant's second point claims ineffective assistance of counsel on appeal because his appellate counsel visited the judge who wrote the July 28, 1981, opinion. Counsel requested a revision in the opinion by withdrawing a statement in the opinion that defendant's trial counsel deliberately invited error resulting in a wasteful loss of

judicial time because the instruction error which required remand was not preserved. This observation was justified only because the record on direct appeal did not disclose the true motive of defendant and his trial counsel to employ an "all or nothing" strategy. The explanation was strategy and not intention to invite error.

Ordinarily a claim of ineffective assistance of counsel on appeal is not cognizable on 27.26 motion. *Hemphill v. State,* 566 S.W.2d 200, 208 (Mo. banc 1978). "Relief from defects in proceedings before the appellate courts are beyond the scope of the remedy and such relief should be sought only in the appellate court of rendition and there by motion to recall the mandate, vacate the sentence of affirmance and redocket the cause for rehearing." *Id.* The Supreme Court limited it's decision in *Hemphill* in *Morris v. State,* 603 S.W.2d 938, 939–941 (Mo. banc 1980). It was decided in *Morris* that a claim of ineffective assistance of appellate counsel under Rule 27.26 may be considered by the trial court where the grounds claimed are best developed by a hearing and are not subject to decision solely on the basis of matters that can be determined by the Appellate Court by reason of it's supervisory role in the briefing process and first-hand knowledge of oral arguments. In *Hemphill* the charge of ineffective assistance was that counsel failed to brief errors alleged in a motion for new trial. No hearing was necessary to decide that claim. In *Morris* the issue was whether counsel failed to timely appeal which is a matter which could best be determined by the record before the trial court. When these two cases are read together a rule develops that post-conviction relief on appellate error under Rule 27.26 is available if the claim for relief can be best determined after a fact hearing in the trial court but does not apply if the basis of a decision is peculiarly within the knowledge of the Appellate Court. In either event defendant is entitled to effective assistance of counsel on direct appeal. *Chastain v. State,* 688 S.W.2d 58, 60 (Mo. App.1985). We know that defendant's direct appeal was timely filed and in the original opinion of this court was apparently successful. Movant claims that subsequent acts of his appellant counsel constituted ineffective assistance because the first opinion was withdrawn and an opposite result was reached after appellate counsel spoke with a judge of this court and subsequently filed a motion to amend the opinion. This raises a question of fact which could best be determined within the peculiar knowledge of the Appellate Court, this court. However, in the present case, the author of the original and reported opinion is no longer a member of this court and his testimony was taken by a stipulation presented to the trial court and produced in the record for our review.

If the issue were properly recognized as a matter for the trial court then our standard of review would be whether the decision of the trial court was clearly erroneous. Rule 27.26(j); *Leigh v. State,* 673 S.W.2d 788, 790 (Mo.App.1984). Otherwise we review directly as if this were a proceeding to recall mandate. In either event we find from the stipulated evidence that the decision of the trial court on ineffective assistance of counsel before this court was not clearly erroneous and, in the interest of judicial economy, that it was correct. The parties and this court are indebted to the trial court for the hearing and the decision on the merits.

The trial court considered a stipulated statement of the judge of this court who authored the first and second opinions. The author judge testified, by stipulation, that nothing was done by defendant's counsel in the direct appeal which caused this court to withdraw the original opinion. The withdrawal was partially motivated by a similar case in process when the original decision was not yet final and which reached a result contrary to the original opinion. The judges of this court were dissatisfied with the original opinion because it was apparently in error. A subsequent decision of the Missouri Supreme Court in *State v. Love,* 670 S.W.2d 499 (Mo. banc 1984) supports the result reached in

the final and published opinion on movant's direct appeal. The first opinion of this court indicates that appellate counsel was effective. The opinion reversed and remanded for a new trial. The request for reconsideration of the language of criticism was justified for reasons not apparent in the record on appeal. We find that the request was not casual to the withdrawal of the first opinion and the issuance of a second opinion which reached an opposite result. Accordingly, defendant, now movant, was not prejudiced by any act of his lawyer on appeal. As a result movant was not entitled to relief on this ground from the trial court and is not entitled to a recall of our mandate affirming his conviction.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.