**William Joseph BALL, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 55255.

Missouri Court of Appeals,
Eastern District,
Division One.

March 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 18, 1989.

Robert C. Wolfrum, Asst. Public Defender, St. Charles, for movant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant, William Joseph Ball, appeals from the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

Movant was convicted, after a jury trial, of two counts of armed criminal action, one count of assault first degree, and one count of attempted robbery in the first degree. Movant was sentenced to consecutive terms of imprisonment of three years, three years, ten years, and five years, respectively. These convictions were affirmed on direct appeal. *State v. Ball,* 736 S.W.2d 551 (Mo.App.1987). Movant then brought this Rule 29.15 motion. Movant alleged that his trial counsel was ineffective because he failed to submit a written instruction to the court requiring the State to negate the possibility that movant acted under sudden passion in the commission of the assault first degree. Additionally, movant argued that he was denied effective assistance of counsel because his trial counsel failed to raise a double jeopardy objection to the charging information.

The evidence at trial showed that movant and another codefendant, Norman Cunio, both of whom had been drinking, lost money to the victim in a poker game. They lured the victim into a deserted warehouse under the pretext that they were going to continue drinking inside. Once inside the warehouse, Cunio started pushing and wrestling with the victim and yelling that he wanted the money that the victim had previously won at the poker game. Movant claimed that when he bent over to light

a cigarette, the victim ran into him while trying to escape from Cunio. Cunio caught the victim outside, hit him over the head with a metal pipe, and began to choke him. The victim lost consciousness. When the victim regained consciousness, movant asked the victim why he had run into him. Because the victim, who was still being choked, failed to answer, movant became incensed and delivered "pretty good kick[s]" to the victim's ribs and head. The victim woke up one week later in the hospital. His injuries included a broken jaw, a broken nose, a fractured skull, a collapsed lung, an ear which was nearly torn off, a punctured eardrum, a dislodged molar, and broken ribs on the entire left side of his body.

Movant asserts that there was evidence at trial that he assaulted the victim out of sudden passion. He explains that the victim provoked him by bumping into him and not answering his question. Because of this evidence, movant contends that his trial counsel should have submitted a written instruction to the trial court which would have required the State to negate the presence of sudden passion.

■■■ The record is unclear as to whether trial counsel submitted a written instruction to the court. It is clear, however, that movant's trial attorney vigorously argued for the instruction at the instruction conference. Our review of the record indicates that the trial court correctly ruled that the requested instruction was not supported by the evidence. Because the ruling was made on the merits, movant suffered no prejudice for failing to submit a written instruction. We decline to address movant's claim of ineffective assistance of counsel on direct appeal or, in the alternative, to recall the mandate. A claim of ineffective assistance of appellate counsel is ordinarily not cognizable on a motion for post-conviction relief. *Buskuehl v. State*, 719 S.W.2d 504, 506 (Mo.App.1986). Point one is denied.

■■ In his second point, movant alleges that the hearing court erred in rejecting his claim of ineffective assistance of counsel because the information subjected movant to double jeopardy by improperly charging him with four offenses arising out of the same incident. Movant contends that the assault conviction and one armed criminal action conviction should be vacated.

A defendant can properly be charged and convicted of several offenses arising from the same incident. *State v. Childs*, 684 S.W.2d 508, 511 (Mo.App.1984). A defendant can be convicted of assault and robbery without giving rise to a double jeopardy violation. Each crime requires proof of an essential element or fact that the other crime does not. *State v. Franklin*, 752 S.W.2d 937, 942 (Mo.App.1988). Moreover, in this case the assault and attempted robbery did not happen simultaneously. Instead, movant and his codefendant attempted to rob their victim. Later, after the attempted robbery had ended, movant assaulted the victim by kicking him in the head and ribs. The force used in the assault was separate and distinct from the force used in the attempted robbery. *See State v. Monk*, 654 S.W.2d 365, 366–367 (Mo.App.1983).

Movant asserts for the first time on appeal that the jury instructions subjected him to double jeopardy. The instructions were consistent with the evidence and did not give rise to a double jeopardy violation. Because we hold that the robbery and assault convictions were proper, we conclude that the armed criminal action convictions were also proper. *See State v. Cooper*, 712 S.W.2d 27, 31–32 (Mo.App.1986). Movant's second point is denied.

The order of the motion court is affirmed.

CRIST and KAROHL, JJ., concur.