NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-southern judicial district
No. 2013-086


THE STATE OF NEW HAMPSHIRE

v.

SEAN BROWN

Argued:  April 16, 2014
Opinion Issued:  August 6, 2014


Joseph A. Foster, attorney general (Nicholas Cort, assistant attorney general, on the brief and orally), for the State.


Sisti Law Offices, of Chichester (Jared Bedrick on the brief and orally), for the defendant.


DALIANIS, C.J.  Following his conviction on four counts of sale of a narcotic drug, see RSA 318-B:2 (2004) (amended 2008, 2011, 2013), and our affirmance of his conviction on appeal, see State v. Brown, 159 N.H. 544 (2009), the defendant, Sean Brown, filed a motion for new trial in superior court alleging ineffective assistance of appellate counsel.  He appeals the decision of the Superior Court (Nicolosi, J.) concluding that it lacked jurisdiction to hear his claim and, therefore, denying his motion for new trial. We reverse and remand.

Recitation of the underlying facts leading to the defendant's conviction is unnecessary for resolution of the issue on appeal. In this appeal, we are asked, as a matter of first impression, to determine the proper forum in which a defendant should raise a claim of ineffective assistance of appellate counsel. At the hearing on the defendant's motion for new trial, the State contended that the trial court lacked jurisdiction to decide the claim and, therefore, should refrain from deciding it. In response, the defendant asserted that his ineffective assistance of appellate counsel claim should be treated in the same manner as ineffective assistance of trial counsel claims, which are routinely resolved in superior court. The trial court agreed with the State, adopting the view of a number of courts that such a claim "must be presented to the appellate court with jurisdiction over the appeal." Arizona v. Herrera, 905 P.2d 1377, 1380 (Ariz. Ct. App. 1995). Concluding that the proper remedy for a meritorious ineffective assistance of appellate counsel claim would be a new appeal, rather than a new trial as the defendant sought, the trial court stated that "it would be 'incongruous' for an inferior court to order the supreme court to allow the defendant to file a new appeal."

On appeal, the State's position is different. It now "recommends that [we] . . . hold that [ineffective assistance of appellate counsel] claims should be brought in the original trial court." Thus, both parties urge us to adopt the same procedure. Because we agree that "appellate courts have an interest in avoiding cases which require the Court to perform the unfamiliar task of fact finding," State v. City of Dover, 153 N.H. 181, 189 (2006) (quotation omitted), we conclude that such claims should be heard in the trial court.

Courts are split in determining the proper procedure for raising an ineffective assistance of appellate counsel claim. On the one hand, some courts have concluded that a trial court "should not have authority to rule on the constitutionality of an appellate proceeding." Watson v. United States, 536 A.2d 1056, 1060 (D.C. 1987); see, e.g., United States v. Winterhalder, 724 F.2d 109, 111 (10th Cir. 1983); Smith v. State, 400 So. 2d 956, 960 (Fla. 1981); Hemphill v. State, 566 S.W.2d 200, 207-08 (Mo. 1978); People v. Bachert, 509 N.E.2d 318, 319-20 (N.Y. 1987), superseded by statute as stated in People v. Andrews, 2014 WL 2608455 (N.Y. June 12, 2014); State v. Murnahan, 584 N.E.2d 1204, 1208-09 (Ohio 1992), superseded by rule as stated in State v. Davis, 894 N.E.2d 1221 (Ohio 2008); State v. Knight, 484 N.W.2d 540, 544-45 (Wis. 1992). On the other hand, other courts have determined that such claims should be presented to the trial court, reasoning that "[t]he trial court is no less competent to assess in the first instance the seriousness of the alleged flaw and appellate counsel's reasons, if any, for bypassing a particular issue, than it is to assess trial counsel's alleged miscues and strategic choices." Hollon v. Com., 334 S.W.3d 431, 439 (Ky. 2010); see, e.g., United States v. Pearce, 992 F.2d 1021, 1022-23 (9th Cir. 1993); Page v. United States, 884 F.2d 300, 301-02 (7th Cir. 1989); Tedder v. State, 586 So. 2d 50, 53-54 (Ala.

Crim. App. 1991); <u>Herrera</u>, 905 P.2d at 1381; <u>Wilson v. State</u>, 399 A.2d 256, 263-64 (Md. 1979); <u>Commonwealth v. Sullivan</u>, 371 A.2d 468, 474-75 (Pa. 1977). Additionally, at least one court has adopted a hybrid approach, concluding that an ineffective assistance of appellate counsel claim should be raised in the trial court "if the claim for relief can be best determined after a fact hearing," but should be presented to the appellate court "if the basis of a decision is peculiarly within the knowledge of the Appellate Court." <u>Buskuehl v. State</u>, 719 S.W.2d 504, 506 (Mo. Ct. App. 1986).

We do not agree that a trial court's assessment of appellate counsel's performance usurps an appellate court function. In an ineffective assistance of appellate counsel claim, "although appellate counsel's performance is being attacked, the basis of the attack is an alleged flaw in the trial proceedings for which appellate counsel neglected to seek relief." <u>Hollon</u>, 334 S.W.3d at 439. "The claim then is at root and in essence a collateral attack on the judgment . . . ." <u>Id</u>. Indeed, when a defendant has been denied appellate review of his or her claims due to the ineffectiveness of appellate counsel, "the basic contention does not constitute errors going to the appellate stage of criminal proceedings . . . , but rather are errors relating to the validity of the original judgment." <u>Wilson</u>, 399 A.2d at 262-63.

The defendant also argues that we can decide as a matter of law whether appellate counsel rendered ineffective assistance because he represented the defendant despite a conflict of interest. We need not decide in this appeal whether to adopt, for claims of ineffective assistance of appellate counsel, the rule we adopted in <u>State v. Thompson</u>, 161 N.H. 507 (2011), for ineffective assistance of trial counsel claims. In <u>Thompson</u>, we concluded that although generally those claims should first be presented to the trial court, in rare circumstances, when there is no additional fact finding necessary and the face of the record is indisputably clear, the claim can be presented to this court directly for decision as a matter of law. <u>Thompson</u>, 161 N.H. at 524-28. Even if we assume that we would adopt the same rule for claims of ineffective assistance of appellate counsel, however, it would not apply here because it is not clear on the face of the record that appellate counsel had a conflict of interest.

Because the trial court is better equipped to resolve the factual disputes that frequently underlie assertions of ineffective assistance of appellate counsel, we conclude that the proper forum for raising such claims is the trial court. Accordingly, we reverse and remand.

<u>Reversed and remanded</u>.

CONBOY and BASSETT, JJ., concurred.

3